William Michael SCHULTZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–07–00035–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 23, 2008.

Rehearing Overruled Feb. 14, 2008.

Hilary Sheard, Senior Assistant Public Defender, San Antonio, TX, for appellant.

Kevin P. Yeary, Assistant Criminal District Attorney, San Antonio, TX, for appellee.

Sitting: CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

William Michael Schultz appeals his conviction for assault of a family member (second offense), and resulting sentence of ten years confinement. We affirm the judgment of the trial court.

### Factual and Procedural Background

Schultz was indicted for assault against a family member, his wife Alma, as a second offense. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (Vernon Supp.2007). The indictment alleged that Schultz had a prior "assault bodily injury (married)" conviction on February 24, 1988 against a member of his family, which elevated the charged assault from a Class A misdemeanor to a third degree felony. *See id.* Schultz pled not guilty and proceeded to a jury trial. After the jury found him guilty of the charged felony assault, but before the punishment phase began, Schultz entered into an agreement with the State pursuant to which he agreed to a ten-year sentence in exchange for the State's agreement not to file additional charges against him. The court imposed the agreed ten-year felony sentence "in accordance with the agreement and on the verdict of the jury." Schultz timely appealed.

### Analysis

#### Prior Conviction for Family Assault.

In his first issue, Schultz asserts the evidence is legally insufficient to prove he was previously convicted of family assault on February 24, 1988 because (1) there is no evidence that he is the person who was convicted of that offense, and (2) there is no evidence that the prior assault conviction involved a member of his family. Schultz contends that, because there is insufficient evidence of the prior family assault, the judgment in this case should be reformed to state that his conviction is for a Class A misdemeanor assault, with a maximum sentence of one year, rather than a felony conviction for assault-family (second offense).

The State first responds that because Schultz agreed to a ten-year sentence after the jury returned a guilty verdict, this is a "plea bargain case" in which there is no right of appeal; therefore, the State asserts we must dismiss this appeal for lack of jurisdiction. *See* Tex.R.App. P. 25.2(a)(2) (providing a limited right of appeal in "plea bargain cases" for those matters raised by pretrial motion or upon the trial court's permission). We disagree. Here, Schultz entered a not guilty plea and proceeded through the guilt/innocence phase of trial to a jury verdict of guilty; it was only after the jury returned its verdict that he entered into an agreement with the State on a recommended sentence, thereby foregoing the punishment phase of trial. Schultz never changed his plea to guilty or nolo contendere, never signed any plea papers, and never affirmatively waived his right to appeal. Moreover, the judgment reflects that Schultz pled not guilty and that the jury found him guilty, and the trial court's certification of Schultz's right to appeal notes that this case "is not a plea bargain case, and the defendant has the right of appeal." Under these circum-

stances, we hold that this is not a "plea bargain case" within the meaning of Rule 25.2(a)(2). *See id.* (defining a "plea bargain case" as one in which the defendant pleads guilty or nolo contendere, and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant); *see also Terrell v. State,* Nos. 01–06–00645–CR, 01–06–00646–CR, 2007 WL 3105803, at * 2 (Tex. App.-Houston [1st Dist.] Oct. 19, 2007, order) (holding cases were not "plea bargain cases" under Rule 25.2 where defendant pled not guilty, jury found him guilty, defendant then signed plea papers acknowledging his guilt and agreeing to a 35–year sentence in exchange for no additional charges, and trial court found defendant guilty based on jury's finding of guilt; trial court was ordered to amend defective certifications to reflect defendant's right of appeal).

We next address the State's argument that Schultz is estopped from challenging the legal sufficiency of the evidence that enhances the offense to a felony because he agreed at trial to the imposition of a felony sentence. We agree. After the jury found him guilty of the felony assault, Schultz expressly agreed on the record to accept the maximum ten-year sentence for the third degree felony offense in exchange for certain concessions by the State. Yet, on appeal, Schultz challenges the imposition of the very sentence he agreed to in the trial court, asking us to reform the judgment and to reduce his ten-year sentence to a one-year maximum misdemeanor sentence. Although he frames his issue as a legal sufficiency challenge to the prior conviction evidence that enhanced the charge from a misdemeanor to a felony, the relief he seeks is reformation of the judgment and reduction of the agreed ten-year sentence. A party may be estopped from taking a position that is inconsistent with that party's prior conduct. *See Arroyo v. State,* 117 S.W.3d 795, 798 (Tex.Crim.App.2003) (holding the State was estopped from challenging admissibility of defense exhibits which were certified copies of criminal records summarized in rap sheet produced by State); *see also Jones v. State,* 119 S.W.3d 766, 784 (Tex.Crim.App.2003) (defendant was estopped from raising issue on appeal that trial court's discharge of juror was inappropriate where defendant himself proposed discharge as alternative to mistrial); *see also Prystash v. State,* 3 S.W.3d 522, 531–32 (Tex.Crim.App.1999) (defendant who affirmatively requested that trial court not submit one of special jury issues required for capital sentencing was estopped from arguing on appeal that court erred in not submitting the special issue); *see also State v. Yount,* 853 S.W.2d 6, 9 (Tex.Crim.App.1993) (defendant who requested and received jury charge on lesser included offense was estopped from complaining on appeal that his conviction of lesser included offense was barred by limitations), *overruled in part by McKinney v. State,* 207 S.W.3d 366, 373–74 (Tex.Crim. App.2006) (restricting application of estoppel rule as it applies to lesser included offenses). Here, the record reflects that, knowing full well the exact character and weight of the evidence presented by the State that led to the jury's guilty verdict, Schultz thereafter knowingly and voluntarily agreed to the imposition of the ten-year felony sentence in exchange for the State's agreement not to re-file two misdemeanor cases as felonies. He cannot now be heard to complain that a felony conviction and sentence should not have been imposed.

### Extraneous Offense Evidence

In his second issue, Schultz contends the trial court erred in denying his motion for mistrial after evidence was ad-

mitted concerning prior assaults by Schultz against his wife Alma. If error is preserved, we review a trial court's decision to deny a motion for mistrial for an abuse of discretion. *Hawkins v. State,* 135 S.W.3d 72, 76 (Tex.Crim.App.2004). On three occasions during trial, a witness referred to Schultz's commission of a previous assault against Alma. Officer Rubio testified that Schultz and Alma were "arguing on the prior assault that he had to go to court on" before the subject assault began. Alma's sister, Carmen Lara, testified that she did not recall the date of this assault "because it had been a few times before." Finally, Alma testified that a previous assault charge involving her and Schultz was the subject of the argument that led to Schultz's assault. Each time, defense counsel moved for a mistrial outside the jury's presence. The trial court denied the requests for mistrial,[1] but stated that the motion for mistrial could be re-urged after the jury's verdict, if necessary. The record shows that Schultz did re-urge his motion for mistrial after the guilty verdict and before the punishment phase began, but he never obtained a final ruling on the motion. Instead, Schultz chose to agree to imposition of a ten-year sentence and never obtained or requested a ruling on his pending motion for mistrial. Therefore, no error was preserved. Tex.R.App. P. 33.1(a)(2); *Ochoa v. State,* 119 S.W.3d 825, 828 (Tex.App.-San Antonio 2003, no pet.); *Miller v. State,* 83 S.W.3d 308, 319 (Tex.App.-Austin 2002, pet. ref'd).

Based on the foregoing reasons, the trial court's judgment is affirmed.