# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00735-CR

**The State of Texas, Appellant**

**v.**

**Trent Stewart, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. D-1-DC-07-904082, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## O P I N I O N

The district court granted appellee Trent Stewart a new trial in the interest of justice after finding that the sentence imposed by the court was disproportionate to sentences imposed by the court in similar cases. The State contends that the court exceeded its plenary authority and abused its discretion by announcing its intention to reduce Stewart's punishment before Stewart had filed a motion for new trial, abused its discretion by granting a new trial without evidence to support the order, and erred by granting a new trial for an error that affected only the assessment of punishment. We sustain the last contention, modify the court's order to grant a new trial as to punishment only, and affirm the order as modified.

**BACKGROUND**

On November 5, 2007, Stewart appeared in the district court, waived his right to a jury trial, and pleaded guilty to aggravated robbery as alleged in the indictment. *See* Tex. Penal Code Ann. § 29.03 (West 2003). He also pleaded true to the allegation that he had previously been convicted of robbery in South Carolina. *See id*. § 12.42(c)(1) (West Supp. 2008). There was no plea bargain. The court accepted the pleas and adjudged Stewart guilty. The court then ordered the preparation of a presentence report and recessed the proceeding.

The trial resumed on November 27 for assessment of punishment. The court heard testimony from the complainant, who described how Stewart entered his store, held a knife to his neck, and took the money in the cash register, and from Stewart, who testified that he committed the robbery to get money to pay a drug debt. South Carolina prison records documenting Stewart's previous felony conviction were also introduced in evidence. The court noted for the record that the South Carolina documents reflected that Stewart had been sentenced to seven years in prison for the previous robbery, and not fifteen years as stated in the presentence report. At the conclusion of the hearing, Stewart's counsel urged the court to assess punishment at or near the minimum of fifteen years. The prosecutor argued that a thirty-year prison term was more appropriate. The court assessed punishment at twenty-five years' imprisonment and imposed sentence.

On December 4, 2007, the district judge sent an email message to Stewart's counsel saying, "I have concluded that [the] sentence is both excessive and disproportionate in relation to other sentences assessed by me in similar circumstances. Therefore, I plan on granting the defendant's motion for new trial as to punishment . . . and assessing a reduced sentence of 20 years." The prosecutor also received a copy of this message. On December 5, Stewart's counsel filed a

motion for new trial as to punishment urging that "[t]he sentence is contrary to the law and evidence." On December 14, Stewart's counsel filed a first amended motion for new trial as to punishment. In addition to the ground previously alleged, the amended motion asserted that "[t]he sentence should be withdrawn and a new trial granted as to punishment in the interest of justice and because the sentence imposed in this case is disproportionate in comparison to other similarly situated defendants."

A hearing on Stewart's amended motion was held on December 14, 2007. The hearing began with an extended recital by the trial judge. The judge stated that after reviewing the presentence report in advance of the November 27 punishment hearing, "I performed my own calculus on what I thought was the appropriate punishment in this case—I always make that determination based upon the prior criminal record and what the length of sentence was, if there is a prior criminal record—and so based upon that, I thought that the sentence of 25 years would be appropriate in [Stewart's] case because he had received 15 years before." The judge then recalled that when he examined the documentary evidence at the hearing, he noticed that Stewart's sentence in the South Carolina case had been seven years rather than fifteen years as stated in the presentence report. Nevertheless, "I assessed Mr. Stewart's punishment at 25 years, which was the upper range of punishment as far as I had calculated while in chambers after reviewing the PSI which included the 15-year sentence."

The judge went on to recount how, on December 4, he "realized that Mr. Stewart's punishment of 25 years had been assessed by me on a faulty premise, i.e., that [he] had had a sentence of 15 years when it turned out that [he] had had a sentence of seven years, and had I known that before, I would have never assessed [his] punishment at 25 years. I would have assessed it at

3

20 years." The judge then described how he had emailed Stewart's counsel and informed him that "I wanted to grant a motion for new trial as to punishment only and assess the punishment that I should have assessed at 20 years, and I think to not do so would be a manifest injustice to Mr. Stewart." The judge concluded by saying, "I'm here now to correct the manifest injustice that I think that I perpetrated against Mr. Stewart [when punishment was assessed] and so it's purely my error, my fault, but it's my fault and I've done this man wrong and I'm going to correct it."

Counsel for the State argued that Stewart's amended motion did not state a legal ground for new trial. The prosecutor added that "there are no facts supporting it, there is nothing in the record supporting it, and there is no affidavit supporting it. I think that they have the burden of proof here, and a hearing would be required to provide proof and evidence for the grounds stated in their motion for new trial or a first amended motion for new trial." The prosecutor insisted that there was no legal error or manifest injustice for the court to correct, and that the court had no basis for reducing the punishment previously assessed and no authority to do so.

Stewart's counsel responded that "the grounds that are stated in my motion are supported by the evidence in this case. As the Court noted earlier here today, it's a disproportionate sentence compared to other defendants in the same situation. It's not the sentence that you would have imposed had you been considering the evidence that was presented at the punishment hearing."

The court then announced its ruling: "The Court of Criminal Appeals recently amended the rules to permit motions for new trial on the issue of punishment so that errors I think like this can be corrected. It's my error . . . and I aim to correct it." The court urged the State to appeal, saying, "I want [the district attorney] to sign a certificate of appeal that he says when a judge makes a mistake and it results in a manifest injustice on a too long of a sentence against a person,

4

I want him to sign the certificate of appeal that says we want to take that up . . . ." The court continued, "And just to make sure that there is no procedural bar for the State appealing this case, I'm going to grant . . . a motion for new trial in its entirety; not just to punishment. I'm going to allow [Stewart] to withdraw [his] plea and we're going to start all over, and if the State wants to appeal it, go right ahead. That's my ruling."

This appeal followed. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(3) (West Supp. 2008).

## DISCUSSION

*Preliminary issues*

In its first point of error, the State asserts that the trial court exceeded the scope of its plenary power by announcing its intention to reduce Stewart's sentence one week after Stewart had begun to serve it. The State argues that the trial court had plenary power to modify its sentence, but only on the same day as the assessment of the initial sentence and before the court adjourned for the day. *See State v. Aguilera*, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005). The State urges that Stewart began to serve his sentence upon adjournment on November 27, and the trial court could not thereafter alter the sentence. *See Ex parte Cruzata*, 220 S.W.3d 518, 521 (Tex. Crim. App. 2007). Stewart responds that the trial court was authorized to correct its sentencing error so long as it had jurisdiction, noting that a trial court may reconsider its order on a motion for new trial at any time during the seventy-five-day time period provided by rule for the trial court to act on the motion. *See Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998).

Whether the trial court had the plenary authority to change its sentence in the absence of a motion for new trial and, if so, when that authority had to be exercised, are questions that we do not address in this opinion. The district court's December 4 email message did not alter the sentence it imposed on Stewart. The message merely expressed the court's intention to grant a new trial as to punishment if a motion were filed. The message was not an appealable order, and even if it were, the State did not file its notice of appeal within twenty days after the date of the message. *See* Tex. Code Crim. Proc. Ann. art. 44.01(d) (West Supp. 2008). Point of error one is overruled.

For the same reasons, we overrule the State's second point of error, by which it contends that the district court erred by announcing that it intended to grant a motion for new trial as to punishment before such a motion had been filed. The State argues that this violated the rule prohibiting a trial court from granting a new trial on its own motion. *See State v. Moore*, 225 S.W.3d 556, 567 (Tex. Crim. App. 2007). Again, however, the district court's December 4 email message was not an order granting a new trial. And, once again, even if the State had a right to appeal the court's December 4 message, it did not do so. The court granted Stewart a new trial on December 14, following a hearing on Stewart's amended motion for new trial as to punishment. It is that order that is properly before us on the State's appeal, and it is to that order that we now turn.

### *Was a ground for new trial shown?*

In point of error three, the State contends that the trial court abused its discretion in granting a new trial because Stewart presented no evidence to support his claim that the sentence was disproportionate. The State correctly notes that a motion for new trial is merely a pleading, and the

6

defendant must establish the truth of the allegations contained in the motion. *King v. State*, 502 S.W.2d 795, 799-800 (Tex. Crim. App. 1973).

The rules of appellate procedure list the grounds for which a new trial must be granted, but a trial court may also, in its discretion, grant a new trial on another ground in the interest of justice. *State v. Gonzalez*, 855 S.W.2d 692, 693-94 (Tex. Crim. App. 1993). This discretion is not, however, "unbounded or unfettered." *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007).

> A trial judge does not have authority to grant a new trial unless the first proceeding was not in accordance with the law. He cannot grant a new trial on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or "received a raw deal." . . . Although not all of the grounds for which a trial court may grant a motion for new trial need be listed in statute or rule, the trial court does not have discretion to grant a new trial unless the defendant shows that he is entitled to one under the law. To grant a new trial for a non-legal or legally invalid reason is an abuse of discretion.

*Id*. A defendant need not establish reversible error as a matter of law before the trial court may exercise its discretion in granting a motion for new trial, but a trial court does not have the discretion to grant a new trial unless the defendant demonstrates that his first trial was seriously flawed and that the flaw adversely affected his substantial right to a fair trial. *Id*. at 909. The trial court must balance the defendant's "interest of justice" claim against the public's interest in finality and the harmless error standards set out in the appellate rules. *Id*. at 908. As a general rule, a trial court will not abuse its discretion by granting a motion for new trial if the defendant articulated a valid legal claim in his motion, produced evidence or pointed to evidence in the record that substantiated that claim, and showed prejudice to his substantial rights. *Id*. at 909.

7

Stewart's amended motion for new trial as to punishment alleged that the sentence imposed in this cause was disproportionate in comparison to other similarly situated defendants. The State does not deny that this was a valid legal claim on which to base a motion for new trial in the interest of justice, but the State urges that Stewart did not meet his burden of proving this claim.

In its brief, the State assumes that Stewart's motion asserted an Eighth Amendment disproportionality claim. U.S. Const. amend. VIII. The Eighth Amendment forbids extreme sentences that are grossly disproportionate to the crime. *Solem v. Helm*, 463 U.S. 277, 288 (1983). If the reviewing court determines that the sentence is grossly disproportionate to the offense, the court then compares the sentence to those imposed on other defendants in the same jurisdiction and for the same offense in other jurisdictions. *Harmelin v. Michigan*, 501 U.S. 957, 1004-06 (1991) (Kennedy, J., plurality op.). The State asserts that there is no evidence suggesting that Stewart's twenty-five-year sentence for aggravated robbery was grossly disproportionate to the offense, and even if there were, that there is no evidence regarding the punishments assessed in Travis County or elsewhere that would permit the required comparative analysis.

We agree that no Eighth Amendment violation is shown by this record. However, Stewart's amended motion for new trial as to punishment did not expressly allege an Eighth Amendment violation, and the State refers us to no authority holding that a trial court ruling on a motion for new trial may not find a sentence to be disproportionate for a reason other than those articulated in *Solem* and *Harmelin*. *Herndon* does not hold that a trial court's discretionary authority to grant a new trial in the interest of justice is limited to constitutional errors. To the contrary, *Herndon* states that a trial court may grant a new trial in the interest of justice if the defendant's trial was seriously flawed so as to adversely affect his substantial right to a fair trial, even if the defendant

8

fails to establish reversible error as a matter of law. 215 S.W.3d at 909. Stewart moved for a new punishment trial in the interest of justice because his sentence was disproportionate to those imposed on similarly situated defendants. To prove his entitlement to a new trial on this ground, Stewart did not have to prove that his sentence violated the Eighth Amendment. Rather, paraphrasing *Herndon*, he had to show that there was a serious flaw or error in the assessment of punishment that adversely affected his substantial right to a fair trial by causing a disproportionate punishment to be assessed. *See id*.

The State further argues that the trial judge's statements at the new trial hearing do not constitute evidence in support of its ruling. The State cites evidence rule 605, which provides that "[t]he judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point."[1] Whether rule 605 applies to a hearing on a motion for new trial has not been decided. *See George v. State*, 20 S.W.3d 130, 140 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (collecting cases). The court of criminal appeals has described the rule as prohibiting a trial judge from becoming a witness in the very same proceeding over which he is presiding. *Hensarling v. State*, 829 S.W.2d 168, 170-71 (Tex. Crim. App. 1992). We believe that there is a significant distinction between a trial judge testifying as a fact witness during a trial and a trial judge recalling, at a motion for new trial hearing, his own internal thought processes. Under the circumstances in this case, we do not construe the trial judge's remarks at the new trial hearing to be testimony prohibited by rule 605.

---

[1] In the present case, the State did not object.

9

In *George*, the defendant filed a motion for new trial urging that his guilty plea had been coerced by the trial court's intimidation, threats, and hostile remarks. 20 S.W.3d at 134. A hearing was held on the motion, at the conclusion of which the trial judge made a statement to "clarify the record" as to what had happened during trial. *Id*. at 141-43. The court of appeals held that it is not improper for a trial judge, when deciding a motion for new trial, to rely in part on his or her personal recollections of the evidence and proceedings during the trial. *Id*. at 139. The court noted, however, that the trial judge's statement at the hearing "recited facts which were very much in dispute" and "carefully rebutted each allegation of impropriety made by [the defendant's] trial counsel," and it concluded that the statement fell "outside a proper 'clarification' of the record." *Id*. at 140. Without deciding whether the trial judge's remarks at the hearing had constituted improper testimony under rule 605, the court of appeals held that the judge had erred by articulating her recollections for the record. *Id*. at 141. The court based its conclusion on appellate rule 21.8(b), which at that time prohibited a trial court from summarizing, discussing, or commenting on the evidence when ruling on a motion for new trial. *Id*.; *see* Tex. R. App. P. 21.8(b), 60 Tex. B.J. 878, 894 (1997, amended 2007).

In the cause now before us, the trial judge's remarks did not seek to rebut any evidence adduced at the hearing by the State. In fact, the accuracy of the judge's account of how he had arrived at his initial punishment decision was undisputed. The disputed issue at the hearing was not what had happened at Stewart's punishment hearing, but whether the trial court was legally authorized to grant Stewart a new trial, in whole or in part, because of what had happened. Moreover, since *George* was decided, the rules of appellate procedure have been amended to permit a trial court to make findings of fact when ruling on a motion for new trial. Tex. R. App. P. 21.8(b).

The State refers us to the opinion in *State v. Krueger*, 179 S.W.3d 663 (Tex. App.—Beaumont 2005, no pet.). In that case, the trial court granted a motion for new trial in the interest of justice based on jury misconduct during deliberations. *Id*. at 665. No juror or any other witness was called to testify at the new trial hearing, and the motion was granted solely on the basis of the trial judge's recollection of an informal conversation he and the lawyers had with members of the jury following the conclusion of the trial. *Id*. In the course of its opinion, the court of appeals stated that the jurors' statements during the "informal chat" were not a proper subject for judicial notice and implied that the trial judge's recollection of what had been said during that conversation was not evidence, but the court expressly declined to hold that the judge's statements at the hearing had been improper testimony under rule 605. *Id*. at 667-68. Rather, the court reversed the order granting the motion for new trial on the ground that the jurors' statements were not competent evidence under rule 606(b). *Id*. at 665-66; *see* Tex. R. App. P. 606(b) (juror may not testify as to any matter or statement occurring during deliberations). Insofar as *Krueger* can be read to disapprove of the trial judge granting a new trial on the basis of his personal recollection of the out-of-court conversation, the present case is distinguishable. The judge below did not grant the motion for new trial on the basis of his personal knowledge of statements or events outside the courtroom.[2]

Under the unusual circumstances shown by this record, we find no error in the trial judge's explaining his decision to grant a new trial by recalling for the record how he had relied on

---

[2] *State v. Varkonyi*, an unpublished opinion cited by the State, is also distinguishable. No. 08-06-00262-CR, 2008 Tex. App. LEXIS 2197 (Tex. App.—El Paso Mar. 27, 2008), *pet. dism'd, improvidently granted*, No. PD-0587-08, 2009 Tex. Crim. App. LEXIS 194 (Tex. Crim. App. Mar. 18, 2009). There, the court of appeals held that a trial court abused its discretion by granting a new trial in the interest of justice on grounds not alleged in the motion or raised at the hearing, and based solely on the trial judge's personal recollection of events both during and after the trial.

11

a misstatement in the presence report when making his initial punishment decision. *See* Tex. R. App. P. 21.8(b). We further hold that under these circumstances, Stewart was under no obligation to offer any further evidence at the hearing in order to demonstrate the trial court's error. Indeed, it is difficult to imagine how Stewart could have offered any evidence of the trial judge's mental processes.

*Herndon* states that as a general rule, a trial court will not abuse its discretion by granting a motion for new trial in the interest of justice if the defendant articulated a valid legal claim in his motion, produced evidence or pointed to evidence in the record that substantiated that claim, and showed prejudice to his substantial rights. 215 S.W.3d at 909. Stewart's allegation that his punishment was disproportionate in comparison to other similarly situated defendants was a valid legal claim, and the State does not argue to the contrary. For the reasons we have stated, Stewart was entitled to rely on the trial judge's recollection of how he had erred in calculating Stewart's punishment to establish that claim. Finally, Stewart's substantial rights were prejudiced because the sentence imposed by the court was shown to be five years longer than it would have been in the absence of the error. We hold that the district court did not abuse its discretion by concluding that Stewart was entitled to a new trial—or at least a new trial on punishment—in the interest of justice.

In reaching this conclusion, we have not ignored *Herndon*'s admonition that a trial judge does not have unbounded authority to grant a new trial in the interest of justice. *Id*. at 907. We do not hold that a trial judge has the discretion to grant a defendant a new trial merely because the judge has had second thoughts about the punishment he assessed, or merely because the judge believes that the jury's punishment decision was harsher than his would have been. The record before us shows that the trial judge did not grant Stewart a new trial out of mere sympathy or in the

12

mere belief that Stewart "received a raw deal." *See id*. Instead, the record demonstrates that the trial judge granted Stewart a new trial only after concluding that he, the judge, had made a specific, identifiable, and quantifiable error in calculating Stewart's punishment.

We are satisfied that the trial judge's determination that his mistake was a serious flaw that adversely affected Stewart's right to a fair trial was within the scope of the court's discretion as described in *Herndon*. Point of error three is overruled.

### Scope of relief

In its final point of error, the State urges that the trial court erred by granting Stewart an entirely new trial on a ground that affected only the assessment of punishment. The appellate rules provide that "a court must grant only a new trial on punishment when it has found a ground that affected only the assessment of punishment." Tex. R. App. P. 21.9(a). A new trial on punishment means a new hearing of the punishment stage after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding of guilt. Tex. R. App. P. 21.1(b).

Stewart does not dispute that under rule 21.9(a), he was entitled only to a new trial as to punishment. In fact, that is what he asked for in his amended motion for new trial as to punishment. Nevertheless, Stewart argues that the State did not preserve this issue for review by objecting below to the scope of the trial court's order. He also contends that the State is estopped from complaining of the error because the error benefitted the State. Finally, Stewart urges that the trial court's order was substantively correct because the 2007 amendment to the appellate rules authorizing new trials on punishment exceeded the court of criminal appeals' rulemaking authority.

13

Stewart's contention that the State waived the alleged error is without merit. At the hearing below, counsel for the State clearly and vigorously argued that Stewart was not entitled to any relief, and the record reflects that the trial court was well aware of the State's position. *See* Tex. R. App. P. 33.1(a)(1)(A). If, in order to raise this issue on appeal, the State was required to object to the court's decision to grant a new trial as opposed to a new trial on punishment, it did so.

Stewart's estoppel argument is based on the premise that if the trial court had granted him a new trial only as to punishment, the State would have been unable to appeal the order. He argues that the statute permitting the State to appeal an order granting a new trial does not extend to an order granting a new trial on punishment. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(3). Thus, Stewart reasons that the alleged error benefitted the State, and the State should be estopped from complaining of it. We hold that even if Stewart's reading of article 44.01(a)(3) is correct, a question we do not decide, the State is not estopped from asserting this point of error.

A party may be estopped from asserting a claim on appeal that is inconsistent with that party's prior conduct. *Arroyo v. State*, 117 S.W.3d 795, 798 (Tex. Crim. App. 2003). Stewart refers us to five opinions applying the estoppel rule. In *State v. Yount*, a defendant who was on trial for manslaughter requested and received an instruction on the lesser offense of driving while intoxicated, then complained that his conviction for the lesser offense was barred by limitations. 853 S.W.2d 6, 7 (Tex. Crim. App. 1993). The court of criminal appeals held that because he had requested the lesser included offense instruction, Yount was estopped from attacking his conviction for that offense on limitations grounds. *Id*. at 9. In *Prytash v. State*, a capital murder defendant who successfully objected to the submission of one of the required punishment issues was held to

14

be estopped from complaining on appeal that the omitted instruction should have been given. 3 S.W.3d 522, 532 (Tex. Crim. App. 1999). In *Ex parte Shoe*, a defendant who had bargained for a sentence that did not include a mandatory fine was held to be estopped from complaining that the sentence was unlawful. 137 S.W.3d 100, 102-03 (Tex. App.—Fort Worth 2004), *pet. dism'd, improvidently granted*, 235 S.W.3d 782 (Tex. Crim. App. 2007). In *Schultz v. State*, a defendant who had been convicted of subsequent family violence assault was held to be estopped from challenging the sufficiency of the evidence as to the previous conviction because, after the jury returned its guilty verdict, he had agreed to a felony sentence in exchange for certain concessions by the State. 255 S.W.3d 153, 155 (Tex. App.—San Antonio 2008, no pet.). Finally, in *Arroyo*, the State tendered the complaining witness's rap sheet to the defense and then, when the defendant sought to introduce evidence of the complainant's convictions as reflected in the rap sheet, objected that the defendant had failed to show that the complainant was the person convicted. 117 S.W.3d at 797. The court of criminal appeals held that the State was estopped from making this objection because, by tendering the rap sheet to the defense without qualification, it had implicitly represented that the information in the rap sheet was correct. *Id*. at 798.

In the cases cited by Stewart, the key to the estoppel ruling was not that the estopped party had received some prior benefit. Although the defendants in *Yount*, *Shoe*, and *Schultz* may have benefitted from the trial errors they asserted on appeal, the defendant in *Prytash* did not benefit from the omission of the punishment instruction. The State in *Arroyo* received no benefit from having tendered the rap sheet to the defense. The basis for the ruling in each of these cases was that the estopped party was asserting a claim or taking a position that was inconsistent with the party's earlier conduct in the same cause. In the cause before us, the State did not ask the trial court to grant

15

Stewart an entire new trial or take any other action that caused the court to do so.  The State did nothing below that is inconsistent with its contention on appeal that the trial court should not have granted Stewart an entire new trial based on a punishment error. The State is not estopped from asserting this contention on appeal.[3]

Finally, Stewart contends that it would have been improper for the trial court to grant a new trial on punishment because the 2007 amendments to appellate rule 21 permitting such orders were invalid.  In granting rulemaking authority to the court of criminal appeals, the legislature provided that "its rules may not abridge, enlarge, or modify the substantive rights of a litigant." Tex. Gov't Code Ann. § 22.108(a) (West 2004); *see Griffin v. State*, 145 S.W.3d 645, 647 (Tex. Crim. App. 2004) (stating that court's rulemaking authority is limited).  Stewart points out that in 2005, the legislature amended the code of criminal procedure to permit a trial court to declare a mistrial as to the punishment phase when the jury cannot agree as to punishment.  Tex. Code Crim. Proc. Ann. art. 37.07, § 3(c) (West Supp. 2008).  He asserts that the court of criminal appeals was not authorized to amend rule 21 to permit new trials on punishment on any basis broader than that permitted by article 37.07, section 3(c).

We do not read article 37.07, section 3(c) as imposing any limitation on the court of criminal appeals' rulemaking authority.  That statute governs a trial procedure that is outside the scope of the rules governing posttrial and appellate procedure.  The legislature's decision to amend article 37.07, section 3(c) to permit the declaration of a punishment stage mistrial in certain

---

[3]  It could be argued that Stewart, by having moved for a new trial as to punishment, is now estopped from asserting that the trial court was not authorized to grant the motion.  The State does not make this argument, however.

situations did not, directly or indirectly, limit the court of criminal appeals' authority to amend the rules governing motions for new trial.

Stewart further argues that the 2007 amendments to rule 21 violate section 44.29(b) of the code of criminal procedure, which provides that if an appellate court awards a new trial to a defendant solely on the basis of an error made at the punishment stage of trial, the new trial is limited to the punishment stage. Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2008). This statute applies only to appellate courts, and it does not give trial courts the authority to order a new trial only as to punishment. *State v. Hight*, 907 S.W.2d 845, 846 (Tex. Crim. App. 1995); *State v. Bates*, 889 S.W.2d 306, 310 (Tex. Crim. App. 1994).

Once again, we do not read article 44.29(b) as placing a limit on the court of criminal appeals' rulemaking authority. Although the statue does not authorize trial courts to grant new trials only as to punishment, it does not expressly or impliedly prohibit them from doing so. It is simply silent on the subject; the statute speaks only to the authority of the appellate courts. *Bates* and *Hight* held that under the appellate rules as they then read, trial courts were not permitted to grant new trials only as to punishment, and that article 44.29(b) did not change this. Those opinions did not hold that the rules could not be amended.

"[A] defendant has no vested right to an entirely new trial when errors relating only to the assessment of his punishment are committed." *Grimes v. State*, 807 S.W.2d 582, 587 (Tex. Crim. App. 1991). By amending rule 21.9(a) to require a trial court to grant a new trial as to punishment when there is an error that affects only the assessment of punishment, the court of criminal appeals did not modify or abridge a substantive right. The amendment merely altered the remedy when a motion for new trial complaining of a punishment error is granted.

17

The trial court erred by granting Stewart an entirely new trial on a ground that affected only the assessment of punishment. Tex. R. App. P. 21.9(a). The proper remedy is to modify the order to grant a new trial on punishment only. Point of error four is sustained to this extent.

## CONCLUSION

The district court's order granting Stewart a new trial is modified to grant a new trial as to punishment only. As modified, the order is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Modified and, as Modified, Affirmed

Filed: April 15, 2009

Publish