Affirmed and Memorandum Opinion filed February 9, 2010



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00781-CR



 

Joseph Manse Richard, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 506th
Judicial District Court

Waller County, Texas

Trial Court Cause No. 12440



 

MEMORANDUM  OPINION

 

Appellant Joseph Manse Richard pleaded guilty to possession
of a firearm by a felon.  The court sentenced him to ten years’ confinement in
the Institutional Division of the Texas Department of Criminal Justice.  On
appeal, he argues the court erred in refusing to suspend his sentence and otherwise
assessing a sentence disproportionate to the crime.  Finding no error, we
affirm.

I.     Background

While arguing with an acquaintance, appellant, a
convicted felon, fired a handgun.  He was arrested and charged with possession
of a firearm by a felon, a third-degree felony.  See Tex. Penal Code
Ann. § 46.04 (Vernon Supp. 2009).  He pleaded guilty to the charged offense. 
He also admitted to several other offenses, including two previous felonies. 
His crime was enhanced to a second-degree felony, punishable by two to twenty years’
confinement.  See Tex. Penal Code Ann. §§ 12.33, 12.42 (Vernon Supp. 2009). 
The court sentenced him to ten years’ confinement.  On appeal, he contends the
court erred in assessing a sentence disproportionate to the crime.[1]

II.     Discussion

A criminal sentence must be proportionate to the
crime for which the defendant has been convicted.  Solem v. Helm, 463
U.S. 277, 289 (1983).  Our proportionality analysis is guided by the following
factors: (1) the gravity of the offense and the severity of the penalty; (2)
the sentences imposed on other criminals in the same jurisdiction; and (3) the
sentences imposed for commissions of the same crime in other jurisdictions.  Id.
at 291.  The first factor is a threshold factor.  Harmelin v. Michigan,
501 U.S. 957, 1005 (1991) (Kennedy, J., plurality opinion); State v. Stewart,
282 S.W.3d 729, 736 (Tex. App.—Austin 2009, no pet.).  Thus, we consider the
second and third factors only if we determine the severity of the penalty is
disproportionate to the offense.  Id. 

Before reaching this analysis, however, we note
appellant did not object to his sentence at the trial court.  It is well-settled
that a defendant waives his right to appeal his sentence when he fails to
preserve error by not objecting to the sentence at trial or in a post-trial
motion.  See Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995);
Cruz v. State, 838 S.W.2d 682, 687 (Tex. App.—Houston [14th Dist.] 1992,
pet. ref’d); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st
Dist.] 1997, pet. ref’d).  Because appellant raises this issue for the first
time on appeal, he has not preserved error for our review.  See Curry,
910 S.W.2d at 497.

Even so, we note appellant has not shown that ten
years’ confinement is grossly disproportionate in light of his offense and
extensive criminal background.  In determining his sentence, the court
acknowledged his “unenviable reputation” for “violence, violent tendencies,
drugs, [and] weapons.”  The court paid particular attention to his previous
convictions: two counts of felony deadly conduct, two misdemeanor assaults, and
possession of a controlled substance.  

Accordingly, we cannot conclude the court erred in sentencing
appellant to ten years’ confinement and refusing to suspend it.  Therefore, we
overrule appellant’s issues on appeal and affirm his sentence. 

            

                                                                                                                                                                                                                                    

                                                            /s/        Kent
C. Sullivan

                                                                        Justice

 

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Specifically, appellant contends the court erred in assessing a sentence
unsupported by the evidence, assessing a sentence disproportionate to the
crime, and refusing to suspend his sentence.  We address the latter two contentions
under a proportionality analysis in this opinion.  We do not, however, address
his first contention because, to the extent it may be construed as an attack on
the sufficiency of the evidence, he cites no authority in support of his
argument.  Tex. R. App. P. 38.1(i) (“[A] brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.”).  Thus, he presents nothing for review.