Opinion issued March 17, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01048-CR

———————————

Guadalupe Lopez, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 184th District Court 

Harris County, Texas



Trial Court Case No. 1203802

 



 

MEMORANDUM OPINION

          Appellant
pleaded guilty without an agreed punishment recommendation to aggravated
assault.  See Tex. Penal Code Ann. §§ 22.01(a)(2), 22.02(a)(2) (West Supp. 2010). After a
pre-sentence investigation [“PSI”] report was prepared, the trial court
assessed punishment at 18 years’ confinement. 
In this appeal we consider whether the trial court erred by failing to
hold a hearing on appellant’s motion for new trial.  We affirm.

BACKGROUND

          At the PSI hearing,
appellant testified that on February 16, 2009, someone drove by his house and
fired several shots.  According to
appellant, his house had been shot at on multiple occasions, but the police had
made no arrests.  Appellant testified
that “his anger took over” after the latest shooting, so he grabbed his gun and
followed the car.  Soon, he saw what he
believed to be the car involved in the drive-by shooting parked in a
driveway.  Appellant pulled over, took
his gun, got out of the car, and fired 20 rounds of ammunition into a car owned
by Ramiro Hernandez.  Hernandez, who was
sitting in the car, was unhurt. 
Appellant later learned that Hernandez was not involved in the earlier drive-by
shooting, but was a medical student on his way home from school.

          The
PSI report showed that appellant had completed probation for evading arrest,
but had no other convictions.  Although
given the chance to make a statement in the report, appellant declined to do
so.  At the PSI hearing, appellant
testified that he was ashamed of his actions and requested that he receive probation.  The trial court assessed punishment at 18
years’ confinement.

          Appellant
filed a motion for new trial alleging the following:

[Appellant] urges the court
to reconsider his sentence in light of his acceptance of responsibility for the
offense, lack of prior criminal history, the fact that the victim was unharmed
and the mitigating circumstances of [Appellant] and his family being attacked
which led to the [Appellant] committing the offense.  [Appellant] alleges his sentence is
disproportionate in comparison to other similarly situated defendants.

 

Appellant supported his motion for new trial with
his own affidavit, in which he stated, “I am asking the court to reconsider its
punishment because I do not believe I was sentenced similar to others charged
with the same offense.”

          The
trial court denied appellant’s motion for new trial without holding a
hearing.  

DENIAL OF NEW TRIAL HEARING

In his sole point of error,
appellant contends the trial court erred in denying his motion without first
holding an evidentiary hearing. 
Specifically, appellant claims that “[h]ow appellant’s sentence compares
to other similarly situated defendants is not something which can be determined
from the record alone.”

Standard
of Review 

When examining a trial court’s denial of a hearing on a
motion for new trial, we review for an abuse of discretion. Gonzales v. State, 304 S.W.3d 838,
842 (Tex. Crim. App. 2010) (citing Smith
v. State, 286 S.W.3d 333, 339–40 (Tex. Crim. App. 2009)).  In so doing, we reverse only when the trial judge’s decision
was so clearly wrong as to lie outside that zone within which reasonable
persons might disagree. Id. Our
review, however, is limited to the trial judge’s determination of whether the
defendant has raised grounds that are both undeterminable from the record and
reasonable, meaning they could entitle the defendant to relief. Id. This is because the trial judge’s
discretion extends only to deciding whether these two requirements are
satisfied. Id. If the trial judge
finds that the defendant has met the criteria, he has no discretion to withhold
a hearing. Id.

However, even if a defendant raises matters undeterminable
from the record, he is not entitled to a hearing on his motion for new trial
unless he establishes the existence of reasonable grounds showing that he could
be entitled to relief.  Smith, 286 S.W.3d at 339. Thus, as a
prerequisite to a hearing when the grounds in the motion are based on matters
not already in the record, the motion must be supported by an affidavit setting
out the factual basis for the claim.  Id. 
The affidavit need not establish a prima facie case for relief, but it
cannot be conclusory in nature or unsupported by facts.  Id.

          Appellant claims that, even though his
sentence falls within the prescribed range of punishment, it is
disproportionate to the crime committed, and that a hearing was necessary to
develop evidence comparing his sentence to others charged with the same offense.  Appellant concedes that he is not raising an
Eighth Amendment claim. Instead, he argues that, under State v. Stewart, 282 S.W.3d 729 (Tex. App.—Austin 2009, no pet.),
his motion raised the issue of whether, because of disproportionate sentencing
by the trial court, he should have been granted a new trial “in the interest of
justice.”

          In Stewart,
the defendant pleaded guilty to aggravated robbery and true to an allegation
regarding a previous conviction in another state.  Id.
at 732.  After a PSI, the trial court
assessed punishment at 25 years’ confinement. 
Id. at 733.  A week after the sentencing hearing, the
trial judge sent an email to defense counsel stating that he had reviewed the
case and concluded that the defendant’s sentence was disproportionate to other
sentences the trial judge had given in similar cases.  Id.  Thereafter, the defendant filed a motion for
new trial and an amended motion for new trial contending that the sentence was
contrary to the law and evidence, and that “in the interest of justice” a new
trial should be granted because appellant’s sentence was disproportionate to
similarly situated defendants.  Id. 
At the hearing on the motion for new trial, the trial judge stated that
he mistakenly assessed punishment at 25 years’ confinement based on an error in
the PSI, and that had he had the correct information, he would have assessed
punishment at 20 years’ confinement.  Id. 
Thereafter, the trial judge granted the motion for new trial and
assessed punishment at 20 years’ confinement. Id.

          The State appealed, arguing that the
trial court erred in granting the new trial because the defendant’s motion did
not state a legal ground for a new trial, i.e., there was no evidence of an
Eighth Amendment violation because there was no evidence in the record
regarding punishments in similar cases.  Id. at 736.  The court of appeals agreed that the record
did not show an Eighth Amendment violation, but concluded that, in this
situation, appellant was moving for a new trial “in the interest of justice”
and had the burden of proving “a serious flaw or error in the assessment of
punishment that adversely affected his substantial right to a fair trial by
causing a disproportionate punishment to be assessed.”  Id.  Appellant met this burden by showing that
the trial court’s punishment decision was based on an error in the PSI.  Id.
at 738.

            Appellant argues that he should have been allowed a hearing
on his motion for new trial “in the interest of justice” so that he could
develop evidence comparing his sentence to “similarly situated defendants
sentenced by the trial court.” The State responds that no hearing was required
on appellant’s motion for new trial because appellant’s affidavit in support of
his motion was conclusory in nature and does not set forth sufficient facts to
show reasonable grounds demonstrating that appellant could prevail.  See
Smith, 286 S.W.3d at 339.  Affidavits
that are conclusory in nature and unsupported by facts do not provide the
requisite notice of the basis for the relief claimed, thus the trial court does
not abuse its discretion in refusing to hold a hearing in such a
situation.  Id.  

          This case is not like Stewart because here there is nothing in
the record or appellant’s affidavit to suggest that the trial court’s
assessment of punishment was based on an error in the PSI or elsewhere.
Appellant’s affidavit provides details about the underlying offense and asks
the trial court to reconsider his punishment. But, in regard to the claim that
the punishment is disproportionate, it alleges only that appellant “[does] not
believe that [he] was sentenced similar to others charged with the same
offense.”  Other than appellant’s
conclusory belief that others were treated differently by the trial court, the
affidavit alleges no facts to support his disproportionality claim.  The affidavit does not allege any fact that
raises an issue of “a serious flaw or error in the assessment of punishment
that adversely affected his substantial right to a fair trial by causing a
disproportionate punishment to be assessed.” See Stewart, 282 S.W.2d at 736. 
As such, the trial court did not abuse its discretion in failing to hold
a hearing.  See King v. State,
29 S.W.3d 556, 569 (Tex. Crim. App. 2000) (trial court did not abuse its
discretion in failing to hold a hearing on appellant's motion for new trial
because the appellant's bare assertions did not establish facts which would
entitle him to a new trial); Jordan v. State, 883 S.W.2d 664,
665 (Tex. Crim. App. 1994) (holding that because affidavit was conclusory in
nature and thus deficient, motion for new trial was not sufficient to put trial
court on notice that reasonable grounds existed).

 

 

 

CONCLUSION

Because appellant’s motion for new trial was supported by a
conclusory affidavit, the trial court did not abuse its discretion in refusing
to hold a hearing on appellant’s motion for new trial.  We overrule appellant’s sole point of error.

We affirm the judgment of the trial court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).