**Motion Granted; Dismissed and Memorandum Opinion filed November 21, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00745-CR
## NO. 14-13-00746-CR

### JAVIER CRUZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause Nos. 1371902 & 1350321**

## M E M O R A N D U M    O P I N I O N

A jury convicted appellant of aggravated assault and assault of a family member. On August 13, 2013, the trial court sentenced appellant in accordance with the jury's assessment of punishment at confinement for four years in the Institutional Division of the Texas Department of Criminal Justice, with the sentences to be served concurrently. Appellant filed a timely motion for new trial and notice of appeal on both convictions. On October 22, 2013, the trial court granted a new trial for both offenses on punishment only. *See* Tex. R. App. P.

21.1(b); *see also State v. Davis,* 349 S.W.3d 535, 537–38 (Tex. Crim. App. 2011) (recognizing that the 2007 amendment to Rule 21 permits a trial court to grant a new trial on punishment only).

On November 13, 2013, appellant filed a motion to dismiss his appeals for want of jurisdiction. Appellant asserts that the August 13, 2013, judgments of conviction are not final because the cases were restored to their position after the defendant was found guilty when the trial court granted a new trial on punishment. *See* Tex. R. App. P. 21.9(c); *see also State v. Stewart*, 282 S.W.3d 729, 740–41 (Tex. App.—Austin 2009, no pet.).

After the new punishment trial was granted, appellant entered a plea bargain agreement with the State, providing for appellant to be sentenced to community supervision for five years in exchange for waiving his right to appeal the findings of guilt and punishment for these convictions. On October 25, 2013, the trial court signed a new certification of the defendant's right of appeal in each case, stating that the defendant has waived the right of appeal. *See* Tex. R. App. P. 25.2(d), (f).

The appeals from the August 13, 2013, judgments have been rendered moot by the granting of a new trial on punishment. Moreover, in each case appellant has agreed to waive his right to appeal both the findings of guilt and the new sentences imposing community supervision. Accordingly, we lack jurisdiction over these appeals.

We grant appellant's motion to dismiss and order these appeals dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Do Not Publish – Tex. R. App. P. 47.2(b).

2