

**NUMBER 13-18-00640-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JERRY LEE ALVAREZ,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                       Appellee.

**On appeal from the 214th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Jerry Lee Alvarez pleaded guilty to aggravated assault with a deadly weapon, a second-degree felony, and was placed on community supervision. *See* TEX. PENAL CODE ANN. § 22.02. The trial court subsequently revoked his community supervision. In two issues, Alvarez argues that: (1) his sentence constituted a cruel and

unusual punishment; and (2) Article 42A of the Texas Code of Criminal Procedure violates the Equal Protection Clause of the 14th Amendment.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 42A.  We affirm.

## I. BACKGROUND

The underlying facts that are relevant to this appeal are undisputed.  On June 5, 2018, pursuant to a plea bargain agreement, Alvarez pleaded guilty to aggravated assault with a deadly weapon, a second-degree felony.  *See* TEX. PENAL CODE ANN. § 22.02.  He stipulated that on April 10, 2018, he held a knife to a woman's throat, leaving a three-inch mark on her neck, and then absconded with her vehicle.  The trial court sentenced Alvarez to five years of deferred-adjudication community supervision.

On July 24, 2018, the State filed a motion to revoke Alvarez's community supervision and to adjudicate guilt on the underlying aggravated assault.  In its motion, the State alleged that Alvarez had committed several violations of his community supervision, including: committing the offense of criminal trespass and two separate "terroristic threats" on July 1 and July 4; "using vulgar language in the trial court"; engaging in unauthorized contact with the victim on two separate incidences; and failing to report a change of address.  The State dropped the latter allegation.  Alvarez denied committing a terroristic threat on July 1 but entered a plea of true as to all other remaining allegations. The trial court found the allegations to be true, revoked Alvarez's community supervision,

---

[1] The statutes governing community supervision were formerly codified in article 42.12 of the Texas Code of Criminal Procedure.  Effective January 1, 2017, the community supervision statutes were re-codified in chapter 42A of the code of criminal procedure.  *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–65.  Because the re-codification was a non-substantive revision of the community supervision laws and Alvarez was placed on community supervision after the re-codification, we will refer to the current statutes in Article 42A even though Alvarez only references Article 42.12.

and sentenced him to twelve years' imprisonment in the Texas Department of Criminal Justice—Institutional Division.

On October 19, 2018, Alvarez filed a motion for new trial, asserting for the first time that his sentence constituted a cruel and unusual punishment. The trial court denied the motion. This appeal followed.

## II. Cruel and Unusual Punishment

In his first issue, Alvarez asserts that the sentence imposed by the trial court was disproportionate to the seriousness of the offenses committed. *See* U.S. Const. amend. VIII.

### A. Standard of Review and Applicable Law

A sentence which falls within the limits prescribed by a valid statute is usually not excessive, cruel, or unusual. *See Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd). However, the Eighth Amendment of the United States Constitution also requires that a criminal sentence be proportionate to the crime which was committed to avoid being cruel and unusual. *See* U.S. Const. amend. VIII.; *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). In analyzing a proportionality challenge, courts consider: (1) the gravity of the offense and the harshness of the penalty; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences imposed for the commission of the same crime in other jurisdictions. *See State v. Stewart*, 282 S.W.3d 729, 736 (Tex. App.—Austin 2009, no pet.). "However, in order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds

3

for the ruling desired." *Noland*, 264 S.W.3d at 151; TEX. R. APP. P. 33.1(a); *see Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (observing that "almost all error—even constitutional error—may be forfeited if the appellant failed to object").

**B. Discussion**

During sentencing, Alvarez never raised the issue to the trial court that his punishment was excessive, disproportionate, or cruel and unusual; the trial court imposed Alvarez's sentence without any objections. Alvarez filed a motion for new trial, objecting for the first time that his sentence was cruel and unusual. However, raising an issue for the first time in a motion for new trial is usually insufficient to preserve error unless the appellant did not have an opportunity to present his objection to the trial court when the sentence was imposed. *See Buntion v. State*, 482 S.W.3d 58, 78–79 (Tex. Crim. App. 2016). Alvarez does not argue that he did not have an opportunity to properly object below. Therefore, we conclude that Alvarez failed to preserve his disproportionate punishment claim for appeal. *Noland*, 264 S.W.3d at 151; TEX. R. APP. P. 33.1(a).

Moreover, even assuming Alvarez did preserve error, the sentence Alvarez received was not excessive or disproportionate. The punishment range for second-degree felonies is from two to twenty years' imprisonment. *See* TEX. PEN. CODE ANN. § 12.33(a). Alvarez received a sentence of twelve years, which was within the statutory range. *See Trevino,* 174 S.W.3d at 928. Therefore, we overrule his first issue.

### III. CONSTITUTIONAL CHALLENGE TO ARTICLE 42A

In his second issue, Alvarez argues that Article 42A of the Texas Code of Criminal Procedure violates the Equal Protection Clause of the Fourteenth Amendment because it denied him "the right to appeal the revocation of his community supervision when

4

similarly situated people on 'regular' community supervision are entitled to appeal a revocation." However, as we discussed above, even constitutional challenges may be waived if not properly preserved. *See Fuller*, 253 S.W.3d at 232; *Noland*, 264 S.W.3d at 151; TEX. R. APP. P. 33.1(a). Alvarez did not object to the constitutionality of Article 42A at any time before the trial court or even in his motion for new trial; instead, Alvarez challenges Article 42A for the first time on appeal. Thus, Alvarez has failed to preserve his constitutional challenge of Article 42A. *See Fuller*, 253 S.W.3d at 232; *see also Thomas v. State*, No. 05-01-01180-CR, 2002 WL 1133476, at *1 (Tex. App.—Dallas May 31, 2002, no pet.) (not designated for publication) (holding that appellant's challenge to the constitutionality of former Article 42.12 was not properly preserved because he did not object before the trial court). We overrule Alvarez's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
12th day of December, 2019.