

# NUMBER 13-19-00394-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DANIEL YBARRA,                                                  **Appellant,**

**v.**

THE STATE OF TEXAS,                                              **Appellee.**

## On appeal from the 105th District Court
## of Kleberg County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria

Appellant Daniel Ybarra pleaded guilty to tampering with evidence and was placed on community supervision. *See* TEX. PENAL CODE ANN. § 37.09. After the State filed a motion to revoke, Ybarra pleaded true to four of the five allegations; the trial court revoked his community supervision. Ybarra argues on appeal that the trial court erred in revoking his community supervision. We affirm.

## I. BACKGROUND

On June 16, 2016, Ybarra was indicted for tampering with evidence, a third-degree felony. *See id.* The offense was enhanced to habitual felony offender status, with punishment ranging from twenty-five to ninety-nine years of incarceration. *See id.* § 12.42(d) (stating that when an offense is enhanced to habitual felony status, the defendant shall be imprisoned "in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years"). On September 30, 2016, Ybarra pleaded guilty to the offense and true to the enhancement allegation; the trial court placed Ybarra on ten years' community supervision under an order of deferred adjudication. On June 5, 2019, the State filed a motion to revoke community supervision, alleging five different violations of his community supervision, including his failure to: (1) "abide by zero tolerance"; (2) attend and complete his Treatment Alternatives to Incarceration Program; (3) pay his "Time Payment Fee" of $25; (4) pay supervision fees of $120 per month beginning in May 2019; and (5) pay his transfer fee of $50 due by February 2019.

On July 9, 2019, the motion was heard before the trial court. Ybarra pleaded not true to count one, but he pleaded true to counts two through five. The State proceeded to present evidence concerning count one. The trial court found all allegations to be true, revoked Ybarra's community supervision, and sentenced him to twenty-five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued.

## II.     REVOCATION OF COMMUNITY SUPERVISION

In his first issue, Ybarra argues that the trial court erred by revoking his community supervision.

### A.     Standard of Review and Applicable Law

We review revocation of community supervision for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). To revoke a defendant's community supervision, the State need only prove a violation of a community supervision of the probation by a preponderance of the evidence. *See Hacker v. State,* 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* A single proven violation is all that is needed to affirm a trial court's order revoking a defendant's community supervision. *See Smith v. State,* 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

When reviewing an order revoking community supervision, we view all the evidence in the light most favorable to the trial court's ruling. *See Hacker,* 389 S.W.3d at 865. The trial court as fact-finder is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *See id.* Thus, if the record supports conflicting inferences, it must be presumed that the trial court resolved any such conflict in favor of its findings. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

### B.     Analysis

On appeal, Ybarra argues that the trial court erred by revoking his community supervision because there was insufficient evidence to support the court's finding of "true" as to count one. However, it is ultimately irrelevant whether there was sufficient evidence

to support the trial court's finding on count one because Ybarra pleaded true to counts two, three, four, and five. Because the State only needs to prove a single violation, this is sufficient to support the trial court's revocation of Ybarra's community supervision. *See Hacker,* 389 S.W.3d at 865; *Smith,* 286 S.W.3d at 342. Thus, the trial court did not abuse its discretion by revoking his community supervision. *See Rickels*, 202 S.W.3d at 763. We overrule Ybarra's first issue.

### III.    CRUEL AND UNUSUAL PUNISHMENT

In his second issue, Ybarra asserts that the sentence imposed by the trial court was disproportionate to the seriousness of the offenses committed. *See* U.S. CONST. amend. VIII.

### A.    Standard of Review and Applicable Law

A sentence which falls within the limits prescribed by a valid statute is usually not excessive, cruel, or unusual. *See Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd). However, the Eighth Amendment of the United States Constitution also requires that a criminal sentence be proportionate to the crime which was committed to avoid being cruel and unusual. *See* U.S. CONST. amend. VIII; *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). In analyzing a proportionality challenge, courts consider: (1) the gravity of the offense and the harshness of the penalty; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences imposed for the commission of the same crime in other jurisdictions. *See State v. Stewart*, 282 S.W.3d 729, 736 (Tex. App.—Austin 2009, no pet.). "However, in order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must

4

present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *See Noland*, 264 S.W.3d at 151; TEX. R. APP. P. 33.1(a).

## B.      Discussion

Ybarra does not point us to any reference in the record where he raised the issue to the trial court that his punishment was excessive, disproportionate, or cruel and unusual. The trial court imposed Ybarra's sentence without any objections, and Ybarra did not file any post-trial motion to object to his sentence. In other words, as far as we can tell, Ybarra complains that his sentence is cruel and unusual for the first time on appeal. We conclude that Ybarra failed to preserve this issue for appeal. *See* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151.

Moreover, even assuming Ybarra did preserve error, the sentence Ybarra received was not excessive or disproportionate. Ybarra received the lowest sentence possible given that his offense had been elevated to habitual felony status. *See* TEX. PENAL CODE ANN. § 12.42(d). And sentences within the statutory range, such as Ybarra's, are usually not excessive, cruel, or unusual. *See Trevino,* 174 S.W.3d at 928. Furthermore, Ybarra does not reference any evidence of the sentences imposed for other similar crimes in Texas or other jurisdictions. Therefore, we overrule his second issue.

## IV.      CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of February, 2021.