Tony ARROYO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–98–00920–CR.

Court of Appeals of Texas, San Antonio.

July 25, 2001.

Stephanie L. Stevens, Center for Legal and Social Justice, San Antonio, for Appellant.

Betty Marshall, Assistant State Prosecuting Attorney, Austin, Enrico B. Valdez, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: HARDBERGER, C.J., RICKHOFF and LÓPEZ, JJ.

HARDBERGER, Chief Justice.

This appeal is on remand from the Court of Criminal Appeals. Tony Arroyo ("Arroyo") is appealing his conviction of assault. We originally reversed the trial court's judgment and remanded the cause for a new trial because the jury charge did not include the instruction mandated by *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim. App.1991). *See Arroyo v. State*, 9 S.W.3d 330 (Tex.App.—San Antonio 1999), *vacated*, 32 S.W.3d 868 (Tex.Crim.App.2000). The Court of Criminal Appeals vacated our decision, stating, "At the time the Court of Appeals decided this case, it did not have the benefit of our opinion in *Paulson v. State*, 28 S.W.3d 570 (Tex.Crim.App.2000), which overruled that portion of *Geesa* that required the jury instruction on the definition of reasonable doubt." *Arroyo*, 32 S.W.3d at 868. The Court of Criminal Appeals remanded the appeal to this court "for reconsideration in light of *Paulson* and for consideration of [Arroyo's] remaining points of error." *Id.* The parties filed new briefs on remand. Apparently recognizing that *Paulson* eliminated the issue regarding the reasonable doubt instruc-

tion, Arroyo did not raise the issue in his brief on remand. In view of the holding in *Paulson*, we agree that the trial court did not err in refusing to submit Arroyo's request for two additional sentences in the reasonable doubt instruction. Arroyo raises eleven points of error on remand, contending the trial court erred by: (1) denying his motion to set aside the information; (2) allowing an officer to testify to hearsay statements made by the complainant; (3) refusing to allow Arroyo to impeach the complainant; and (4) failing to instruct the jury on self-defense. We overrule each of these points of error and affirm the trial court's judgment.

## INFORMATION

In his first three points of error, Arroyo contends that the information was defective because it failed to allege with reasonable certainty the act or acts relied upon to constitute "recklessness" in violation of article 21.15 of the Texas Code of Criminal Procedure and the United States and Texas Constitutions.

The information alleged:
on or about the 29TH day of JANUARY, A.D., 1998, TONY ARROYO, hereinafter referred to as defendant, did then and there intentionally, knowingly and recklessly cause bodily injury to another, namely: PATRICIA BIVENS, hereinafter referred to as complainant, by STRIKING THE SAID COMPLAINANT WITH THE HEAD OF THE SAID DEFENDANT.

"When the State charges a defendant with acting recklessly in the commission of an offense, the indictment must allege with reasonable certainty the act or acts relied upon to constitute recklessness." *State v. Vasquez*, 34 S.W.3d 332, 334 (Tex.App.—San Antonio 2000, no pet.). In this case, the information specified Arroyo's reckless

act as striking the complainant with his head. The information adequately informs Arroyo of the act the State relies upon to constitute recklessness, namely striking the complainant with his head. *See State v. Emanuel,* 873 S.W.2d 108, 109 (Tex. App.—Dallas 1994, no pet.); *Cruz v. State,* 838 S.W.2d 682, 684 (Tex.App.—Houston [14th Dist.] 1992, pet ref'd). Arroyo's first three points of error are overruled.

### HEARSAY

In his fourth, fifth, ninth, and tenth points of error, Arroyo complains that the trial court erroneously permitted Officer William Stroud, Jr. to testify regarding hearsay statements. Arroyo complains that the statements were inadmissible hearsay and violated his right to confrontation.

■ A trial court's decision to admit hearsay evidence is reviewed under an abuse of discretion standard. *Coffin v. State,* 885 S.W.2d 140, 149 (Tex.Crim.App. 1994). We will not reverse the trial court's ruling as long as it is within the "zone of reasonable disagreement." *Moon v. State,* 44 S.W.3d 589, 593 (Tex.App.—Fort Worth 2001, pet. ref'd).

■ Excited utterances are admissible as an exception to the hearsay rule. Tex.R. Evid. 803(2). An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *Id.* "To determine whether a statement qualifies as an excited utterance, (1) the statement must be the product of a startling occurrence, (2) the declarant must have been dominated by the emotion, excitement, fear, or pain of the occurrence, and (3) the statement must be related to the circumstances of the startling occurrence." *Moon,* 44 S.W.3d at 593–94. "Other factors to consider are whether the state-

ments are spontaneous or responses to questions and how much time has elapsed between the startling event and the statement." *Id.* at 594.

■ The trial court permitted Officer Stroud to testify regarding the events related to him by the complainant at the time of his investigation. Officer Stroud testified that he was dispatched to the complainant's home at 6:47 a.m. in response to a reported assault. Officer Stroud arrived at the complainant's home at 6:48 a.m. The complainant was excited and scared, her voice was raised, and she had a bump on her forehead which was causing her pain. The complainant told Officer Stroud that she heard loud knocking on her door and opened the door when she could not see who was at the door through the peephole. Arroyo forced his way into her home, argued with her, yelled at her, and struck her on her head with his forehead, knocking her to the ground. Officer Stroud was unable to locate Arroyo. The complainant asked Officer Stroud to wait until her children were on the school bus and to patrol by her home because she was afraid Arroyo would return.

At 10:53 a.m., Officer Stroud was again dispatched to the complainant's home in response to a disturbance. When he arrived, the complainant was scared, excited, and angry. The complainant told Officer Stroud that Arroyo had forced his way into her home again and threatened her. Although Officer Stroud did not see any sign of forced entry, Officer Stroud stated that he did not examine the door or go inside the complainant's home.

Based on Officer Stroud's testimony, we conclude that the trial court did not abuse its discretion in admitting the complainant's statements under the excited utterance exception to the hearsay rule. Officer Stroud's testimony shows that the com-

plainant made the statements while dominated by her emotions, fear, and excitement from Arroyo forcing his way into her home and assaulting or threatening her, and the statements were related to the startling occurrence of the forced entry and the assault or threat. The United States Supreme Court has held that the admission of hearsay statements under a firmly rooted hearsay exception does not violate the confrontation clause. *Lilly v. Virginia,* 527 U.S. 116, 119 S.Ct. 1887, 1895, 144 L.Ed.2d 117 (1999). Arroyo's fourth, fifth, ninth and tenth points of error are overruled.

### IMPEACHMENT

In his sixth, seventh, and eighth points of error, Arroyo contends that the trial court erred in refusing his request to introduce evidence of the complainant's prior convictions to impeach the hearsay statements introduced through Officer Stroud. The trial court excluded the judgments because Arroyo failed to provide any evidence to identify the complainant as the person that was convicted. "[T]he relevance of records showing a prior criminal conviction is conditioned upon the introduction of evidence sufficient to support a finding that the [person against whom the conviction is sought to be introduced] is the same person as the one previously convicted." *Zimmer v. State,* 989 S.W.2d 48, 51 (Tex.App.—San Antonio 1998, pet. ref'd). Identity can be proven in numerous ways, including: (1) expert testimony matching the fingerprints on a certified copy of a judgment with the fingerprints of the person against whom the judgment is sought to be introduced; (2) the testimony of a witness who personally knows the person and the fact of his or her prior conviction; (3) stipulations or the judicial admission of the person against whom the judgment is sought to be introduced; (4) matching a photograph of the person in a penitentiary packet or other official record

to the person. In this case, Arroyo failed to offer any evidence to identify the complainant as the person convicted in the judgments he sought to have introduced. Therefore, the trial court did not err in excluding the evidence. Arroyo's sixth, seventh, and eighth points of error are overruled.

### SELF-DEFENSE

In his eleventh point of error, Arroyo contends the trial court erred in refusing his request for a self-defense instruction in the jury charge. Arroyo had the initial burden of producing some evidence to justify submission of a self-defense instruction. *Kelley v. State,* 968 S.W.2d 395, 399 (Tex.App.—Tyler 1998, no pet.). To be entitled to a self-defense instruction, Arroyo had to produce evidence showing that he was justified in striking the complainant's head with his head because he believed the force was immediately necessary to protect himself against the use or attempted use of force by the complainant. *See* TEX. PEN.CODE ANN. § 9.31 (Vernon Supp.2001). Although there was evidence that the complainant picked up a bed post to defend herself, the evidence showed that the complainant did not move to strike Arroyo with the bed post. Furthermore, the evidence showed that Arroyo had taken the bed post from the complainant and thrown it to the floor before he struck her. Therefore, no evidence was introduced to show that Arroyo striking the complainant was immediately necessary to protect himself, and the trial court did not err in denying Arroyo's request for a self-defense instruction. Arroyo's eleventh point of error is overruled.

### CONCLUSION

The trial court's judgment is affirmed.