Tony ARROYO, Appellant,

v.

The STATE of Texas.

No. 1670–01.

Court of Criminal Appeals of Texas.

March 19, 2003.

Stephanie L. Stevens, San Antonio, for Appellant.

Enrico B. Valdez, Asst. DA, San Antonio, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, Presiding Judge, and MEYERS, PRICE, WOMACK, KEASLER, and COCHRAN, JJ., joined.

The trial court excluded from evidence three defense exhibits offered to impeach the credibility of the complainant. The court of appeals upheld the trial court's ruling. We vacate and remand.

### I

On April 16, 1998, an assistant criminal district attorney of Bexar County filed an information in the trial court charging appellant with the misdemeanor assault of Patricia Bivins. See Tex. Pen. Code § 22.01(a)(1). On May 21, 1998, appellant filed a pretrial Brady[1] motion asking the trial court to order the State "to disclose the arrest and conviction records of each witness" the State intended to call at trial. In the motion, appellant noted that such records could "be used for ... impeachment" of the State's witnesses. The record does not reflect whether the trial court granted appellant's motion, but sometime before trial, the State, in response to the motion, gave appellant Bivins' rap sheet, i.e., an official summary of her arrests, charges, convictions, etc.

On October 13, 1998, the prosecution of appellant went to trial before a jury on his plea of not guilty. During the State's case-in-chief, the jury heard certain hearsay statements of Bivins, which statements came in through the testimony of a San Antonio police officer who interviewed Bivins on the day of the alleged assault. Bivins herself did not testify before the jury. After the State rested its case, appellant attempted to impeach Bivins' credibility with evidence that she had a criminal record.[2] The proffered evidence consisted of Defense Exhibits Nos. 2, 3, and 4.

Defense Exhibit No. 2 was a certified copy of the judgment in Cause No. 594380 in County Court at Law No. 4 of Bexar County. The judgment, dated May 5, 1998, reflected that one "Patricia D. Bivins" had pled *nolo contendere* to the charge of misdemeanor theft and that she had been adjudicated guilty of that offense. Defense Exhibit No. 3 was a certi-

1. Under the Due Process Clause of the Fourteenth Amendment, the State must disclose evidence favorable to the defendant when such evidence is material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Brady* evidence includes evidence that can be used to impeach the State's witnesses. *United States v. Bagley*, 473 U.S. 667, 676–677, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (plurality); *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

2. Texas Rule of Evidence 806 provides that "[w]hen a hearsay statement ... has been admitted in evidence, the credibility of the declarant may be attacked ... by any evidence which would be admissible for those purposes if [the] declarant had testified as a witness." Rule 609, in turn, provides that "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted."

fied copy of a *capias pro fine* in Cause No. 413512 in County Court at Law No. 5 of Bexar County. The *capias pro fine,* dated August 18, 1988, reflected that one "Patricia Dianne McGee" had pled *nolo contendere* to the charge of impersonating a licensed vocational nurse and that she had received deferred adjudication probation for that offense. Finally, Defense Exhibit No. 4 was a certified copy of the court's file in Cause No. 87–CR–5113 in the 227th Judicial District Court of Bexar County. That exhibit contained, among other things, a copy of the court's judgment, dated April 25, 1988, that reflected that one "Patricia D. Bivins" had pled guilty to the charge of felony theft and that she had been adjudicated guilty of that offense.

The State objected to the admission of Defense Exhibits Nos. 2, 3, and 4 on several grounds, one of them being relevance.[3] That is, the State argued that the exhibits in question had not been shown to be relevant to any issue in the case because appellant had not demonstrated that Bivins and the person(s) mentioned in the exhibits were one and the same. The State argued further that only fingerprint evidence would be sufficient to prove such identity. The following exchange then occurred between the trial court and defense counsel:

> The Court: So, how are you going to show that it is the same person?
>
> Defense Counsel: Judge, I think in good faith they know it is the same person. They turned over the rap sheet to us of her. That is where we got the information from. So, they know it is the same person, Patricia Bivins, who is their complaining witness. They are the ones

who gave us that information. To claim otherwise now, I think, is disingenuous.

\* \* \*

> The Court: I know that you are telling the court that in good faith. However, the objection is sustained. It's not admissible.

The jury later found appellant guilty. The trial court assessed his punishment at incarceration for one year and a fine of $4,000.

On direct appeal, appellant brought eleven points of error.[4] In his sixth, seventh, and eighth points of error, he argued that the trial court erred in excluding Defense Exhibits Nos. 2, 3, and 4, respectively. In particular, appellant argued again that it was "disingenuous" for the State to give him Bivins' rap sheet and then object, on the ground of identity, to the admissibility of the defense exhibits obtained in reliance upon that rap sheet. The State responded that, "while [it] was required to provide potential impeachment evidence to the defense," it was not required to "stipulate to [the] admissibility" of that evidence.

The court of appeals overruled all of appellant's points of error and affirmed the judgment of the trial court. *Arroyo v. State,* 64 S.W.3d 81, 85 (Tex.App.-San Antonio 2001). With respect to its overruling of appellant's sixth, seventh, and eighth points of error, the court of appeals explained simply: "In this case, Arroyo failed to offer any evidence to identify the complainant as the person convicted in the judgments he sought to have introduced. Therefore, the trial court did not err in excluding the evidence." *Ibid.*

3. Texas Rule of Evidence 402 provides that "[e]vidence which is not relevant is inadmissible."

4. For the sake of brevity, we omit a detailed discussion of this case's complicated procedural history. Readers wanting more may see *Arroyo v. State,* 64 S.W.3d 81, 83 (Tex. App.-San Antonio 2001).

We granted appellant's petition for discretionary review to determine whether the court of appeals erred in overruling his sixth, seventh, and eighth points of error. See Tex.R.App. Proc. 66.3(b).

## II

 We have recognized before that a party may be estopped from asserting a claim that is inconsistent with that party's prior conduct. For example, in *State v. Yount*, 853 S.W.2d 6 (Tex.Crim.App.1993), we held that the appellee, who had been indicted for involuntary manslaughter but who had requested and received a jury charge on the lesser included offense of driving while intoxicated, was estopped from complaining that his conviction of that lesser included offense was barred by limitations. We explained that "appellee cannot benefit from the lesser included offense instruction and then attack his conviction of that lesser included offense on limitations grounds." *Id.* at 9. Similarly, in *Prystash v. State*, 3 S.W.3d 522 (Tex. Crim.App.1999), *cert. denied*, 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000), we held that the appellant, who had affirmatively requested that the trial court not submit to the jury one of the special issues statutorily required for capital sentencing, was estopped from arguing on appeal that the trial court had erred in not submitting the special issue. We explained that "we will not permit [an] appellant to complain of the trial court's deleting a jury charge as he requested." *Id.* at 532.

In the instant case, the State responded to appellant's *Brady* motion by giving him Bivins' rap sheet. The State did not qualify that rap sheet in any way. The State, in effect, represented that the information in the rap sheet was correct. Appellant then reasonably relied upon that rap sheet in acquiring the defense exhibits in question. We hold that the State, once it tendered Bivins' rap sheet to appellant without qualification, was estopped from thereafter claiming that the defense exhibits were inadmissible on the ground of identity.

We vacate the judgment of the court of appeals and remand the case to that court for further proceedings. On remand, the court of appeals shall consider whether the trial court's ruling excluding the defense exhibits was correct, either in whole or in part, under any other theory of law applicable to the case. See *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

JOHNSON, J., concurred in the result.

HERVEY, J., did not participate.