WR-83,378-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/5/2015 11:10:36 AM
Accepted 6/5/2015 1:37:23 PM
ABEL ACOSTA
CLERK

No. WR-83,378-01

IN THE COURT OF CRIMINAL APPEALS OF TEXAS, AT AUSTIN

**Ex parte Jason Brent Bishop**
Applicant

*Habeas Corpus* Proceeding under Article 11.07, *et seq.*, C.Cr.P., in Case Number 32397CR/A from the 40th District Court of Ellis County

## Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Jason Brent Bishop, Applicant in the above styled and numbered cause, by and through David A. Schulman, his undersigned lead counsel, and respectfully files this "Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues," and would show the Court that on May 22, 2015, the *habeas* court entered its findings of fact and conclusions of law, which were subsequently forwarded to this Court by the District Clerk of Eastland County and received by the Clerk of this Court on June 1, 2015. Applicant would show the Court that the findings and conclusions at issue are not supported by the *habeas*

record and fail to properly apply the law relating to the allegations made and the evidence proffered.

The undersigned received the *habeas* court's findings and conclusions on May 26, 2015.  On June 5, 2015, within 10 days of his receipt of the findings and conclusions, the undersigned filed, on behalf of Applicant, objections to the *habeas* court's Findings of Fact and Conclusions of Law in that court.  A true and correct copy of Applicant's objections are attached as Exhibit "1" to this document.

## Prayer

WHEREFORE PREMISES CONSIDERED, Appellant prays this Honorable Court to grant this request in all things and stay all proceedings in this Court pending the convicting court's resolution of his objections.  Additionally, in the event that the convicting court refuses to withdraw its findings and conclusions, the undersigned requests the Court to consider his objections when ruling on the merits of this case.

Respectfully submitted,

**David A. Schulman**
Attorney at Law
1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282
eMail: zdrdavida@davidschulman.com

State Bar Card No. 17833400

Attorney for Jason Brent Bishop

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X6 software, contains 347 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on June 5,, a true and correct copy of the above and foregoing "Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues" was transmitted via the eService function on the Cindy Hellstern, counsel for the State of Texas.

**David A. Schulman**

3

# Exhibit "1"

No. 32397-CR (A)

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| | § | 40th JUDICIAL DISTRICT |
| | § | |
| JASON BRENT BISHOP | § | ELLIS COUNTY, TEXAS |

## Applicant's Objections to the *Habeas* Court's Findings, Conclusions and Recommendations

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jason Brent Bishop, Applicant in the above styled and numbered cause, by and through his undersigned attorneys, John G. Jasuta and David A. Schulman, and respectfully files these objections to the to *Habeas* Court's findings, conclusions and recommendations, and would respectfully show the Court as follows:

I

Applicant's *habeas corpus* application and memorandum in support were forwarded to the District Clerk for filing on April 1, 2015, and were received and filed on April 6, 2015. Copies of both documents were provided to counsel for the State of Texas on April 6, 2015. The State entered a waiver on April 13, 2015.

An amended memorandum in support was forwarded to the District Clerk on April 16, 2015, and received and filed on April 22, 2015.

The State filed its answer on April 28, 2015, and provided a copy to the undersigned the same day. On May 22, 2015, this Court entered its "Findings of Fact and Conclusions of Law" and "Order on Application for Writ of Habeas Corpus without a Hearing." The undersigned received the *habeas* court's findings and conclusions on May 26, 2015.[1] Pursuant to Rule 73.4(b)(2),[2] these objections are timely if mailed or filed with the Clerk by June 5, 2015.

## Applicant''s General Objection

First, the *habeas* court's findings and Order were untimely entered and interfered with the duty of the District Clerk to

---

[1] The trial court judge sent a copy via eMail with the findings and conclusions at 12:34 a.m., Saturday, May 23, 2015. The undersigneds' office was closed on Monday, May 25, 2015, for Memorial Day, and reopened on Tuesday, May 26, 2015. Per the *habeas* court's instructions, counsel for the State acknowledged receipt on May 26, 2015, at 8:48 a.m., while receipt was acknowledged by Applicant's counsel on May 26, 2015, at 8:57 a.m. All three documents are included in Exhibit "A" attached hereto.

[2] "A party has ten days from the date he receives the findings to file objections, but the trial court may, nevertheless, transmit the record to the Court of Criminal Appeals before the expiration of the ten days."

transmit the application to the Court of Criminal Appeals.  As the State's waiver was filed on April 13, the 20 days in which the *habeas* court had the duty, under Article 11.07 section 3(c), C.Cr.P., to "decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement," expired on May 4, 2015.[3]  Alternatively, if the 20 day period did not begin until the State actually answered, on April 28, 2015, it would have expired on May 18, 2015.

In either event, once the 20 day period had expired, it became the duty of the District Clerk, under Art. 11.07 sec. 3(c), to "immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made." Consequently, the trial court's findings conclusions and its Order on the *habeas corpus* application were both "untimely" and "interfered with the district clerk's duty to transmit this application to this Court and is therefore without effect." See ***In Re Bazan***, WR-83,067-01 (Tex.Cr.App. April 22, 2015)(slip op. at 2); ***In Re Barnes***, WR-81,067-01 (Tex.Cr.App. September 17, 2014)(slip op. at 2-3);

---

[3]  May 3rd, the actual 20th day, having occurred on a Sunday.

3

and *Ex parte Tarver*, WR-81,451-01 (Tex.Cr.App. June 25, 2014)(slip op. at 2); all quoting *Martin v. Hamlin*, 25 S.W.3d 718, 719 (Tex.Cr.App. 2000). Thus, the *habeas* court's "Findings of Fact and Conclusions of Law" and "Order on Application for Writ of Habeas Corpus without a Hearing" were untimely and are of no effect.

Second, the *habeas* court's findings are not only unsupported by the record, they are contradicted by that record and, therefore, unfounded at law. Applicant has stated facts, which if true, would entitle him to relief.

## Applicant's Specific Objections

### I

Applicant objects to Findings of Fact numbers 7, 8 and 9, in which the *habeas* court finds that investigators Phillip Martin, Don Maxfield and Mike Aman, are men, for two separate and distinct reasons:

    a.   Such finding is irrelevant. Although Mr. Garlin stated, in his affidavit, that he spoke with a woman from the State, it would certainly not be the first time that a man"s telephone voice was mistaken for that of a woman. The finding is irrelevant as it does

4

not, in any manner, resolve, or assist resolution of the issue of fact presented in the application.

b.   Second, defense counsel, Mark Griffith, an officer of this Court, has indicated that the District Attorney's office did have female investigators working for them at the time of this trial, one of them being Marlena Pendley who continues to work with the District Attorney's Office.  See Exhibit "B" attached hereto.

II

Applicant objects to Finding of Fact number 10, in which the *habeas* court finds that it would "be more than unusual that anyone working for the (*sic*) Ellis County and District Attorney"s Office would have contacted a witness and identified herself as "working for the State of Texas . . .,"" as the finding is irrelevant, having not found that it did not occur, only that it would have been unusual.  Additionally, the Finding is unsupported by any record evidence.

III

Applicant objects to Finding of Fact number 11, in which the *habeas* court finds that neither investigator in the case has any

5

notes indicating that they spoke directly with Bobby Garlin, as that fact is irrelevant.

c. First, Applicant has not claimed that it was a DA"s investigator who spoke with Mr. Garlin, but, merely that Mr. Garlin stated that he spoke with someone from the State of Texas.

d. Second, the finding is irrelevant as it does not, in any manner, resolve, or assist resolution of the issue of fact presented in the application but, rather, seeks to avoid it.

e. Third, the finding is incomplete as it does not take into account the fact, as shown in Exhibit "B" attached hereto, that there was at least one other investigator, Marlena Pendley, who was working in the District Attorney's office at the time of the investigation and of the trial.

IV

Applicant objects to Finding of Fact number 12, in which the *habeas* court finds that, if investigator Martin was able to reach Garlin, he would have read his written statement to him to confirm that it was accurate regarding what he had observed, as this fact is irrelevant. Applicant has not claimed that Martin spoke with Mr. Garlin, only that Mr. Garlin spoke with someone from the State of

6

Texas. Again, the finding is irrelevant as it does not, in any manner, resolve, or assist resolution of the issue of fact presented in the application but, rather, seeks to avoid it, and incomplete as it fails to even address what other investigators, including unnamed and unacknowledged by the *habeas* court, investigators, might have done.

## V

Applicant objects to Finding of Fact number 13, in which the *habeas* court finds that Mr. Garlin's written statement indicated that he did not see the shooting at all, as this fact is irrelevant. Mr. Garlin has never claimed to have seen the shooting, but nevertheless had information which contradicted that given by State's witnesses, that Applicant fired a final shot while standing over the deceased.

## VI

Applicant objects to Findings of Fact numbers 14 through 18, in which the *habeas* court finds, in essence, that the State did not

fail to provide the information regarding Bobby Garlin to defense counsel, for two separate and distinct reasons:

a. First, defense counsel, Mark Griffith, an officer of this Court, has indicated that he was never given any information regarding Bobby Garlin (see Mr. Griffith's affidavit, attached as Exhibit "B" to both the original and amended memoranda of law in support of the *habeas corpus* application). He has also stated that, in response to the State's answer and the *habeas* court's findings and conclusions, that he again searched his file and has no information regarding Bobby Garlin. See Exhibit "B" attached hereto. No credibility finding has been made and none is warranted without examination and cross examination in a court setting.

b. Second, while Applicant admits that the State's list of witnesses includes the name of "Bobby Garlin, Cohutta, Georgia," that list was not provided to Mr. Griffith until the day of trial. Mr. Griffith has supplemented that information to state that he received the State's list of witnesses "five minutes before jury selection began." See Exhibit "B" attached hereto. Findings numbers 14 through 18 are inadequate and incomplete, as they fail to address this uncontroverted statement by an officer of the Court, which statement is, standing alone, sufficient to support an entitlement to relief, or, at a minimum, a live evidentiary hearing.

VII

Applicant objects to Finding of Fact number 19, in which the *habeas* court finds that the "State's recitation of the evidence at

8

trial included in the Response is accurate and supported by the record before the Court," because it is not supported by the record. Additionally, to the extent that one might consider the State's recitation of the facts as accurate, its recitation of the facts is limited to irrelevant facts. The State never denies the allegation that it failed to meet its burden under ***Brady v. Maryland***, 373 U.S. 83 (1963), but equivocates and obfuscates by making irrelevant and incorrect assertions. As a result, the finding is irrelevant as it does not, in any manner, resolve, or assist resolution of the issue of fact presented in the application but, rather, seeks to avoid it.

### VIII

Applicant objects to Finding of Fact number 20, in which the *habeas* court finds that the State did not fail to provide the name of Bobby Garlin to defense counsel prior to trial, for two separate and distinct reasons:

a. First, that fact is irrelevant. The question is <u>not</u> whether the State provided defense counsel with Mr. Garlin"s "<u>name</u>," but whether it failed to provide defense counsel

9

with the information possessed by Mr. Garlin which contradicted the State's version of the facts.

b. Second, even if one considers that providing the "name" of a witness is sufficient to satisfy any particular duty owed by the State, providing that name five minutes before jury selection is tantamount to not providing it at all, as defense counsel would have no real opportunity to make use of the information through meaningful investigation.

IX

Applicant objects to Finding of Fact number 20, in which the *habeas* court finds that the written statement of Bobby Garlin "did not include exculpatory evidence," because it would take an extremely narrow definition of "exculpatory" for the finding to have any support in the law. The Supreme Court long ago decided, in ***United States v. Bagley***, 473 U.S. 667, 676 (1985), that the State's duty under ***Brady v. Maryland*** includes providing defense counsel with evidence that may be used to impeach a witness's credibility. See ***Arroyo v. State***, 117 S.W.3d 795, 796 (FN 1)(Tex.Cr.App. 2003). In fact, "***Brady***" evidence includes all favorable information that is known to the State, but unknown to

10

the defense. ***[United States v. Agurs](#)***, 427 U.S. 97, 103 (1976). Certainly, the information which Mr. Garlin has now provided was required to have been provided to defense counsel by the State of Texas in a time and in a manner which would permit reasonable and meaningful investigation.

X

Applicant objects to Conclusion of Law number 1, in which the *habeas* court finds that there is no reasonable probability of a different outcome that is sufficient to undermine confidence in the trial, for three separate and distinct reasons:

a. First, the *habeas* court's conclusion is not supported by the record.

b. Second, despite the *habeas* court's personal conclusion, there is every reason to believe that, had the jury heard the information possessed by Bobby Garlin and not provided to defense counsel, one or more of the jurors might have believed Applicant's claim that he was acting while in fear of his life.

c. Third, despite the *habeas* court's personal conclusion, there is every reason to believe that, had the jury heard the information possessed by Bobby Garlin and not provided to defense counsel, one or

11

more of the jurors might have believed that a lesser sentence was appropriate.

## XI

Applicant objects to Conclusion of Law number 2, in which the *habeas* court finds that the State did not suppress exculpatory evidence for two reasons:

a. First, the *habeas* court's conclusion is <u>not</u> a conclusion of law, but, rather, is a finding of fact.

b. Second, the *habeas* court's conclusion is not properly supported by the record.

## XII

Applicant objects to Conclusion of Law number 3, in which the *habeas* court finds that Applicant is not illegally restrained, because that conclusion is not properly supported by the record.

## **Conclusion**

Applicant alleged facts which, if true, would entitle him to *habeas corpus* relief, and he should have been provided with an opportunity to prove those allegations. The *habeas* court's

findings are not supported by the facts or the law, and only serve to demonstrate the need for an evidentiary hearing.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Applicant, Jason Brent Bishop, respectfully prays that the *habeas* court will withdraw its findings of fact, and instead find that Applicant has alleged facts and provided evidentiary support for those allegations, and that there exist controverted, previously unresolved facts material to the legality of the applicant's confinement," and that Applicant is entitled him to have the opportunity to prove his allegations in an evidentiary hearing.

Respectfully submitted:

| | |
|---|---|
| **John G. Jasuta** | **David A. Schulman** |
| Attorney at Law | Attorney at Law |
| State Bar No. 10592300 | State Bar No. 17833400 |
| lawyer1@johnjasuta.com | zdrdavida@davischulman.com |

1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282

Attorneys for Applicant

13

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 2,356 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on June 4, 2015, a true and correct copy of the above and foregoing "Applicant's Objections to the *Habeas Court*'s Findings, Conclusions and Recommendations" was transmitted electronically to Cindy Hellstern (cindy.hellstern@co.ellis.tx.us), attorney of record for the State of Texas.

_____
**David A. Schulman**

# Exhibit "A"

**David A. Schulman**

| | |
|---|---|
| **From:** | Bob Carroll |
| **Sent:** | Saturday, May 23, 2015 12:34 AM |
| **To:** | lawyer1@johnjasuta.com; zdrdavida@davidschulman.com; Cindy Hellstern; Amy Lockhart |
| **Cc:** | Donna Tay |
| **Subject:** | Ex Parte Bishop |
| **Attachments:** | Ex Parte Bishop - FOF & COL.pdf; Ex Parte Bishop - Order on Writ Application.pdf |
| **Importance:** | High |

Dear Counsel,

Attached you will find copies of the following documents signed by the trial court in connection with the above referenced criminal matter:

1. Findings of Fact and Conclusions of Law; and
2. Order on Application for Writ of Habeas Corpus Without Hearing.

The original documents will be submitted to the District Clerk's Office for file marking on Tuesday. In arriving at its ruling, the trial court carefully reviewed numerous documents presented by both sides, including without limitation:

1. Application for Writ of Habeas Corpus in the Court of Criminal Appeals of Texas;
2. Memorandum in Support of Application for Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Article 11.07 CCP (with attached Exhibits);
3. Amended Memorandum in Support of Application for Writ of Habeas Corpus (with attached Exhibits);
4. Applicant's Reply to Answer of the State of Texas and Request for an Evidentiary Hearing;
5. Various correspondence submitted by Counsel for Applicant;
6. Respondent's Answer to 11.07 Application for Writ of Habeas Corpus (with attached Exhibits); and
7. Proposed Findings of Fact and Conclusions of Law.

We appreciate the professional work performed by sides. As per our standard email procedure, we kindly ask that the lead attorneys *Reply All* received.

Thank you, and have a nice Memorial Day weekend.

BC

**Bob Carroll**

## David A. Schulman

**From:** Cindy Hellstern
**Sent:** Tuesday, May 26, 2015 8:48 AM
**To:** Bob Carroll; lawyer1@johnjasuta.com; zdrdavida@davidschulman.com; Amy Lockhart
**Cc:** Donna Tay
**Subject:** RE: Ex Parte Bishop

Received.

Cindy Hellstern

**From:** Bob Carroll
**Sent:** Saturday, May 23, 2015 12:34 AM
**To:** lawyer1@johnjasuta.com; zdrdavida@davidschulman.com; Cindy Hellstern; Amy Lockhart
**Cc:** Donna Tay
**Subject:** Ex Parte Bishop
**Importance:** High

Dear Counsel,

Attached you will find copies of the following documents signed by the trial court in connection with the above referenced criminal matter:

1. Findings of Fact and Conclusions of Law; and
2. Order on Application for Writ of Habeas Corpus Without Hearing.

The original documents will be submitted to the District Clerk's Office for file marking on Tuesday. In arriving at its ruling, the trial court carefully reviewed numerous documents presented by both sides, including without limitation:

1. Application for Writ of Habeas Corpus in the Court of Criminal Appeals of Texas;
2. Memorandum in Support of Application for Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Article 11.07 CCP (with attached Exhibits);
3. Amended Memorandum in Support of Application for Writ of Habeas Corpus (with attached Exhibits);
4. Applicant's Reply to Answer of the State of Texas and Request for an Evidentiary Hearing;
5. Various correspondence submitted by Counsel for Applicant;
6. Respondent's Answer to 11.07 Application for Writ of Habeas Corpus (with attached Exhibits); and
7. Proposed Findings of Fact and Conclusions of Law.

We appreciate the professional work performed by sides. As per our standard email procedure, we kindly ask that the lead attorneys ***Reply All*** received.

1

# David A. Schulman

| | |
|---|---|
| **From:** | David A. Schulman <zdrdavida@davidschulman.com> |
| **Sent:** | Tuesday, May 26, 2015 8:57 AM |
| **To:** | 'Bob Carroll'; 'lawyer1@johnjasuta.com'; 'Cindy Hellstern'; 'Amy Lockhart' |
| **Cc:** | 'Donna Tay' |
| **Subject:** | Ex Parte Bishop |

I have today received the Court's findings & conclusions and Order.

David A. Schulman
zdrdavida@davidschulman.com



1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282
www.davidschulman.com



Criminal Law (1991)
Criminal Appellate Law (2011)



Click Here to Video Call Me on ooVoo OR Click Here to Video Call Me on Skype



**Consider our environment and saving our trees. Print this eMail only if absolutely necessary.**

> Mankind was my business. The common welfare was my business; charity, mercy, forbearance, and benevolence were, all, my business. The dealings of my trade were but a drop of water in the comprehensive ocean of my business!
>
> ~~ Charles Dickens

**This transmission has information protected by the attorney/client and/or attorney/work product privilege. It is intended only for the personal and confidential use of the recipient/s named in the communication, and the privileges are not waived by virtue of this having been sent by electronic mail. If the person actually receiving this communication or any other reader of the communication is not the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete the original message from your system. 18 U.S.C. Sections 2510-2512.**

**From:** Bob Carroll
**Sent:** Saturday, May 23, 2015 12:34 AM
**To:** lawyer1@johnjasuta.com; zdrdavida@davidschulman.com; Cindy Hellstern; Amy Lockhart
**Cc:** Donna Tay

| | |
|---|---|
| **From:** | Amy Lockhart |
| **Sent:** | Tuesday, May 26, 2015 9:25 AM |
| **To:** | Bob Carroll; lawyer1@johnjasuta.com; zdrdavida@davidschulman.com; Cindy Hellstern |
| **Cc:** | Donna Tay |
| **Subject:** | RE: Ex Parte Bishop |

Received.

Amy Lockhart
*Felony Division Chief*
*Assistant Ellis County & District Attorney*
*109 S. Jackson St.*
*Waxahachie, Texas 75165*
*Phone 972-825-5035*
*Fax 972-825-5047*
*Board Certified in Criminal Law*
*Texas Board of Legal Specialization*

**From:** Bob Carroll
**Sent:** Saturday, May 23, 2015 12:34 AM
**To:** lawyer1@johnjasuta.com; zdrdavida@davidschulman.com; Cindy Hellstern; Amy Lockhart
**Cc:** Donna Tay
**Subject:** Ex Parte Bishop
**Importance:** High

Dear Counsel,

Attached you will find copies of the following documents signed by the trial court in connection with the above referenced criminal matter:

1. Findings of Fact and Conclusions of Law; and
2. Order on Application for Writ of Habeas Corpus Without Hearing.

The original documents will be submitted to the District Clerk's Office for file marking on Tuesday. In arriving at its ruling, the trial court carefully reviewed numerous documents presented by both sides, including without limitation:

1. Application for Writ of Habeas Corpus in the Court of Criminal Appeals of Texas;
2. Memorandum in Support of Application for Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Article 11.07 CCP (with attached Exhibits);
3. Amended Memorandum in Support of Application for Writ of Habeas Corpus (with attached Exhibits);

# Exhibit "B"

| EX PARTE | ' | IN THE DISTRICT COURT |
|---|---|---|
| | ' | |
| | ' | 40th JUDICIAL DISTRICT |
| | ' | |
| JASON BRENT BISHOP | ' | ELLIS COUNTY, TEXAS |

## Second Affidavit of Mark D. Griffth

THE STATE OF TEXAS     }

                         }

COUNTY OF ELLIS      }

BEFORE ME, the undersigned authority, on this day personally appeared Mark D. Griffith, known to me to be the person whose name and signature are affixed to this affidavit, and after being by me duly sworn on oath deposed and stated:

My name is Mark D. Griffith. I am an attorney at law practicing in Waxahachie, Ellis County, Texas. I am licensed by the Supreme Court of Texas and carry bar card number 00785928, issued by the State Bar of Texas. I was trial counsel for Jason Brent Bishop in the above caption case and represented him on appeal in 10-09-00069-CR, at the Waco Court of Appeals. I executed a previous affidavit in this case on January 27, 2015.

I have seen and reviewed the RESPONDENT'S ANSWER TO 11.07 APPLICATION FOR WRIT OF HABEAS CORPUS, filed on April 28, 2015.

Subsequent to the filing of the State's answer, I once again reviewed my case file in this case and, in addition to the information I have previously provided the Court, I would also advise the Court that the State never provided me with information about Bobby Garlin. There was a name of Bobby Gaitlin, but no Garlin. It was not until the day of jury selection, when the local rules required the State of Texas to produce a witness list so the jury can be questioned about whether they know any of the witnesses did I receive Bobby Garlin as a potential witness for the State. I have checked the voluminous file on multiple occasions and up until seconds before picking a jury the State of Texas never provided the name of Bobby Garlin as a potential witness. They never provided any notice that Mr. Garlin had given a statement that contradicted other witness statements which was required under Brady v. Maryland.

Although I acknowledge that the State's list of witnesses includes the name of Bobby Garlin, Cohutta, Georgia, that list was not provided to me until the day of trial. Further, I would also reiterate that I was not provided the State's actual witness list until about 5 minutes before jury selection began.

Further, the District Attorney's office did have female investigators working for them at the time of this trial, one of them being Marlena Pendley who continues to work with the District Attorney's Office.

2





Mark D. Griffith

SIGNED and SWORN to before me, the undersigned authority, on this the <u>June 5, 2015</u> day of , 2015.



Printed Name:

My Commission Expires:

VENITA F PHILLIPS
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 3-27-2017

3