AP-76,05
COURT OF CRIMINAL APPEAL
AUSTIN, TEXA
Transmitted 11/5/2015 8:26:01 AI
Accepted 11/5/2015 8:46:54 AI
ABEL ACOST.
CLER

NO. AP-76,051

| | | |
|---|---|---|
| MANUEL VELEZ | § | IN THE |
| VS. | § | COURT OF CRIMINAL APPEALS |
| STATE OF TEXAS | § | STATE OF TEXAS |

## STATE'S MOTION TO PUBLISH

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

The State, by and through its District Attorney, 268th Judicial District, Fort Bend County, asks this Court to reconsider its decision to not publish its opinion in the above-referenced case, *Velez v. State,* No. AP-76,051, 2012 WL 2130890 (Tex. Crim. App. June 13, 2012).

In *Velez*, this Court distinguished *Garcia v. State*, 15 S.W.3d 533, 536 (Tex. Crim. App. 2000), in which a de novo suppression hearing was ordered because a judge, other than the judge who heard the hearing, made findings of fact and conclusions of law on a cold record. *Garcia*, 15 S.W.3d at 534-35. In *Garcia*, testimony was taken from the officer who took Garcia's confession and from Garcia. *Id.* at 535. "Thus, the trial court's conclusion that [Garcia's] statement was voluntary was based on a direct evaluation of the witnesses' credibility and demeanor." *Id.*

In *Velez*, the judge who held the suppression hearing was succeeded by a new trial judge. *Velez*, 2012 WL 2130890, at *13. The new trial judge prepared findings

1

**ELECTRONIC RECORD**

and conclusions based on the record of the suppression hearing and the prior judge's ruling that the statement was voluntarily made. *Id.* This Court distinguished *Garcia*, "In *Garcia*, however, we did not specifically address the rare situation that presents itself here, wherein the prior judge cannot be appointed to prepare findings of fact and conclusions of law because of unavailability or ineligibility." *Id.* This Court took note of the "peculiar circumstances" of the case:

> While the record does not include the reason the presiding judge of the Fifth Administrative Region did not appoint the prior judge to prepare findings and conclusions, we take note of the readily available public information indicating that the prior judge is currently unavailable for appointment. In such a situation, where the prior judge is unavailable or ineligible for an appointment, we find it appropriate that there be an exception to the rule laid out in *Garcia*. In the event that the judge who presided over a suppression hearing is unavailable or ineligible to be appointed to prepare findings of fact and conclusions of law, the current trial judge may prepare findings and conclusions based on the prior judge's ruling on the record and the transcript of the suppression hearing regarding whether a defendant's statement was voluntarily made.

> We recognize that the original trial judge, who is uniquely situated to observe the demeanor of witnesses first-hand, is generally in the best position to assess the credibility of witnesses. *See Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008). In this rare circumstance, the trial judge making the findings and conclusions did not observe the demeanor of the witnesses because she did not preside over the suppression hearing. However, she refrained from making any explicit credibility determinations. Thus, we will accept the new trial judge's findings and conclusions, and we will review the record to determine if they are supported by the evidence.

*Velez*, 2012 WL 2130890, at *13.

2

If published, *Velez* could be cited as precedential authority for allowing a successor trial judge to make findings of fact and conclusions of law when (1) the judge who heard the suppression hearing is deceased or otherwise unavailable, and (2) no explicit credibility determinations need be made.

In *Luis Carlos Rodriguez v. State*, No. 01-14-00774-CR, the trial judge who heard the suppression hearing, Hon. Thomas Culver III, passed away in September 2015. Mr. Rodriguez did not testify at the suppression hearing, and the facts are undisputed. No explicit credibility determinations need be made. The two *Velez* factors that would allow a successor judge to make findings and conclusions are met.

However, as shown in the attached motion to abate the appeal, Mr. Rodriguez is asking for a de novo suppression hearing because Judge Culver is deceased. [Mtn at 2] The State would like to cite *Velez* as precedential authority in response. However, Rule of Appellate Procedure 77.3 provides that this Court's "[u]npublished opinions have no precedential value and must not be cited as authority by counsel or by a court." Tex. R. App. P. 77.3. The Court's holding in *Velez* has not been adopted by this Court in a published opinion, and thus should not be cited.

This Court's holding in *Velez* was applicable in at least one other case, *Pavon-Maldonado v. State*, No. 14-13-00944-CR, 2015 WL 1456523, at *4 n.5 (Tex. App.-- Houston [14th Dist.] Mar. 26, 2015, no pet.) (mem. op. not designated for

3

publication).

"The Court of Criminal Appeals may, at any time, order that a "do not publish" notation be changed to "publish." Tex. R. App. 47.2(b) (albeit with regard to opinions of the courts of appeals). The State believes that *Velez*, established an exception to *Garcia* that will save scarce state and judicial resources when a defendant has been afforded a pre-trial hearing on his suppression motion, the trial judge passes away, or is otherwise unavailable, and the facts adduced at the suppression hearing are undisputed and no explicit credibility determinations need be made.

WHEREFORE, PREMISES CONSIDERED, the State asks this Court to grant its motion to publish that part of its opinion in this cause addressing Point of Error Ten so that the opinion may be cited for its precedential value.

Respectfully submitted,

John F. Healey, Jr.
SBOT # 09328300
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
SBOT # 11395400
Assistant District Attorney
301 Jackson Street, Room 101
Fort Bend County, Texas 77469
(281) 238-3205 / (281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

# CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2015, a copy of the State's motion to publish was served on :

L.J. Rabb, Assistant District Attorney, Cameron County, by e-service or email <lrabb@co.cameron.tx.us>;

Brian W. Stull, Attorney for Manuel Velez, by first class mail, return receipt requested # 7013 0600 0002 2111 7188, 201 W. Main St, Ste 402, Durham, N.C. 27701-3228;

Mr. Stephen Doggett, Attorney for Louis Carlos Rodriguez, by e-service or email <office@doggett-law.com>;

Ms. Lisa McMinn, State Prosecuting Attorney, by e-service or email, <Lisa.McMinn@SPA.texas.gov>

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

AP-76,05
COURT OF CRIMINAL APPEAL
AUSTIN, TEXA
Transmitted 11/5/2015 8:51:36 AI
Accepted 11/5/2015 8:52:59 AI
ABEL ACOST.
CLER

NO. AP-76,051

| | | |
|---|---|---|
| MANUEL VELEZ | § | IN THE |
| VS. | § | COURT OF CRIMINAL APPEALS |
| STATE OF TEXAS | § | STATE OF TEXAS |

## AMENDED CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2015, a copy of the State's motion to publish was served on :

Rene Gonzalez, Assistant District Attorney, Cameron County, by e-service or email <rgonzalez1@co.cameron.tx.us>;

Brian W. Stull, Attorney for Manuel Velez, by first class mail, return receipt requested # 7013 0600 0002 2111 7188, 201 W. Main St, Ste 402, Durham, N.C. 27701-3228;

Mr. Stephen Doggett, Attorney for Louis Carlos Rodriguez, by e-service or email <office@doggett-law.com>;

Ms. Lisa McMinn, State Prosecuting Attorney, by e-service or email, <Lisa.McMinn@SPA.texas.gov>

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

1



ACCEPTED
01-14-00774-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/30/2015 1:49:24 PM
CHRISTOPHER PRINE
CLERK

## COURT OF APPEALS

## FIRST SUPREME JUDICIAL DISTRICT

## HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/30/2015 1:49:24 PM
CHRISTOPHER A. PRINE
Clerk

## LUIS CARLOS RODRIGUEZ

### Appellant

**VS.**

**NO. 01-14-00774-CR
(TR. CT. NO. 07-DCR-046309)**

## THE STATE OF TEXAS

### Appellee

## APPELLANT'S MOTION TO ABATE APPEAL FOR ENTRY OF FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DENIALS OF MOTION TO SUPPRESS

After a pre-trial hearing, Judge Thomas Culver III denied appellant's motion to suppress appellant's oral and written statements. CR 72, 4 RR 147. Judge Culver did not make any written findings in fact and conclusions of law and did not dictate such findings and conclusions into the record. CR 72, 4 RR 147.

If the trial court finds beyond a reasonable doubt that the confession is voluntarily made and admissible as a matter of law and fact, the judge prepares and signs an order stating these findings. The order is filed among the papers of the cause. CCP Art. 38.22 § 6; *Green v. State*, 906 S.W.2d 937 (Tex. Crim. App. 1995).

The findings must be filed whether or not the defendant requests them, and if they are not filed the appeal will be abated for their preparation. *Wicker v. State*, 740 S.W.2d 779 (Tex. Crim. App. 1987); *Urias v. State*, 155 S.W.3d 141 (Tex. Crim. App. 2004).

Art. 38.22, sec. 6 clearly requires that the trial court make findings of fact and conclusions of law in all cases concerning voluntariness, whether or not

requested by a party. The statute has no exceptions. *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013).

The findings of fact and conclusions must be made by the judge who heard the testimony at the hearing and not by a succeeding judge. *Garcia v. State*, 15 S.W.3d 533 (Tex. Crim. App. 2000). If that judge is unavailable for any reason to prepare them, the case must be abated for another voluntariness hearing. *Garcia v. State*, 15 S.W.3d 533 (Tex. Crim. App. 2000).

*Guidry v. State*, 12 S.W.3d 15 (Tex. Crim. App. 1999) holds that the findings must be sufficiently detailed to enable the appellate court to determine the basis for the trial court's ruling and to assist the appellate court in determining the sufficiency of the evidence to support whatever unstated findings of fact were made by the fact finder. *Guidry*. The findings of fact and conclusions of law must be made by the judge that heard the testimony.

Judge Culver is deceased. Appellant moves the Court to remand this case for another voluntariness hearing.

During the trial, a second hearing was conducted outside the presence of the jury. Appellant objected to the admission of his statements on constitutional and statutory grounds and for the reason that the original recording of the statement could not be located and that the accuracy of any copies and transcripts of the statement were questionable. 8 RR 125-134, 138-152, 155, 211-214, 220-223. Judge Duggan overruled appellant's motion to suppress and motion to determine admissibility of statement. CR 180, 186-187; 8 RR 220-221. Judge Duggan did not dictate any findings of fact or conclusions of law, except a finding that there was not bad faith destruction or loss of the recording of the statement by the District Attorney and State agents. 8 RR 219, 220-221. Judge Duggan made no written findings of fact or conclusions of law except a statement in the order on the motion to determine admissibility statement "that the conditions were met" and that appellant made a knowing, intelligent, and voluntary waiver of the rights specified in the Code. CR 186-187.

These findings are inadequate to support the denial of appellant's motion to suppress. Where the trial court's findings are ambiguous, an appellate court can remand the case for supplemental findings. *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012).

Appellant requests that this case be remanded for the entry of adequate

findings of fact and conclusions of law sufficiently detailed to enable the appellate court to determine the basis for the trial court's ruling and to assist the appellate court in determining the sufficiency of the evidence to support whatever findings of fact were made by the fact finder. *Guidry v. State*, 12 S.W.3d 15 (Tex. Crim. App. 1999).

Respectfully submitted,

/s/ Stephen A. Doggett
Stephen A. Doggett
Attorney for Appellant
201 South Eleventh
Richmond, Texas 77469
Telephone: (281) 342-3321
Facsimile: (281) 341-8458
TBA: 05945700
Email: office@doggett-law.com

## CERTIFICATE OF SERVICE

I certify that a copy of this motion was served on John Harrity, counsel for the State, by email on October 30, 2015.

/s/ Stephen A. Doggett
STEPHEN A. DOGGETT

# Velez v. State

# Point of Error Ten

against appellant.

We similarly conclude that judicial estoppel is not implicated here. The doctrine of judicial estoppel prohibits a party who has taken a position in an earlier proceeding from subsequently taking a contrary position. *See Arroyo v. State*, 117 S.W.3d 795, 798 (Tex. Crim. App. 2003). Having concluded that no inconsistency existed between the State's theories at Moreno's and appellant's trials, we find that neither justice nor sound public policy require the application of judicial estoppel here. We likewise find that appellant's right to be free of cruel and unusual punishment is not implicated here. Point of error twenty-seven is overruled.

## SUPPRESSION HEARING FINDINGS

In point of error ten, appellant argues that the trial judge who entered the findings of fact and conclusions of law relating to appellant's suppression hearing lacked the authority to issue those findings because she was not the judge who presided over the suppression hearing. Appellant argues that this violates statutory law, is contrary to prior case law, and requires a *de novo* hearing to remedy the error.[4] The state responds that appellant waived this error because he did not present a timely written motion to the trial court. This Court previously addressed this issue during the pendency of this appeal.

The original trial judge conducted a hearing on appellant's motion to suppress his statements to police. During the suppression hearing, the trial judge stated on the record that, in making his ruling, he would take into consideration the credibility of the testifying witnesses. The trial judge

---

[4] *See* Art. 38.22 § 6; *Garcia v. State*, 15 S.W.3d 533, 536 (Tex. Crim. App. 2000) (rejecting findings and conclusions made by a trial judge who did not preside over the hearing because the judge who presided over the hearing was in a better position to evaluate witnesses' credibility and demeanor, and it was not appropriate for the second judge to make findings of fact based solely on the written transcript of the hearing).

announced his ruling from the bench, denying appellant's motion to suppress. Defense counsel orally moved for the preparation of findings of fact and conclusions of law. The record reflects that there was some confusion between the trial judge and defense counsel regarding whether an oral motion was sufficient or a written motion was necessary. The record does not reflect that a written motion was filed, and the trial judge did not enter written findings of fact and conclusions of law. In his motion for new trial, appellant complained that the trial judge did not prepare the findings and conclusions.

After the appellate record was received by this Court, appellate counsel filed a motion requesting that this Court abate the appeal and instruct the trial judge to enter written findings of fact and conclusions of law concerning the voluntariness of appellant's statements. This Court declined to abate the case, but ordered the trial court to prepare and file the required findings and conclusions. *See* TEX. R. APP. P. 34.5(c)(2); *Velez v. State*, No. AP-76,051 (Tex. Crim. App. Feb. 24, 2010)(not designated for publication). A supplemental record was not timely filed with this Court.

This Court subsequently received a letter from the trial judge explaining that she was not able to comply with our order because she was not the judge who presided over the suppression hearing. She advised that she had requested the presiding judge of the Fifth Administrative Region to appoint the judge who had presided over the suppression hearing to prepare findings and conclusions. Ultimately, the prior judge was not appointed, and on December 17, 2010, the new trial judge prepared findings and conclusions based on the record and the prior judge's ruling that the statement was voluntarily made, and the clerk forwarded a supplemental record to this Court. Once the trial court had fulfilled its duty under this Court's order and the record had been received by this Court, the trial court lost its authority to take any further action in this case. *See* TEX. R. APP. P. 25.2(g).

After the supplemental record was filed with this Court, appellant filed in the trial court an "Objection to Findings of Fact and Conclusions of Law and Motion to Hold *de novo* Hearing Pursuant to CCP 38.22." Pursuant to this motion, on January 19, 2011, the trial court rescinded its findings and conclusions and granted appellant a *de novo* suppression hearing. Two days later appellant filed in this Court a motion to stay the briefing schedule until the trial court completed the hearing and filed new findings and conclusions. However, because this Court had received the record in the case, the trial court had lost the authority to act on appellant's motion. Accordingly, we denied appellant's motion and accepted the December 17th findings and conclusions.

We now have before us a complete record, the parties' briefs, and the additional public information regarding the unavailability of the original trial judge. In his brief, appellant points out that under our holding in *Garcia v. State*, 15 S.W.3d 533, 536 (Tex. Crim. App. 2000), it appears that he is entitled to a *de novo* suppression hearing. In *Garcia*, however, we did not specifically address the rare situation that presents itself here, wherein the prior judge cannot be appointed to prepare findings of fact and conclusions of law because of unavailability or ineligibility.

Peculiar circumstances surround this case. While the record does not include the reason the presiding judge of the Fifth Administrative Region did not appoint the prior judge to prepare findings and conclusions, we take note of the readily available public information indicating that the prior judge is currently unavailable for appointment. In such a situation, where the prior judge is unavailable or ineligible for an appointment, we find it appropriate that there be an exception to the rule laid out in *Garcia*. In the event that the judge who presided over a suppression hearing is unavailable or ineligible to be appointed to prepare findings of fact and conclusions of law, the current trial judge may prepare findings and conclusions based on the prior judge's ruling on the

record and the transcript of the suppression hearing regarding whether a defendant's statement was voluntarily made.

We recognize that the original trial judge, who is uniquely situated to observe the demeanor of witnesses first-hand, is generally in the best position to assess the credibility of witnesses.[5] *See Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008). In this rare circumstance, the trial judge making the findings and conclusions did not observe the demeanor of the witnesses because she did not preside over the suppression hearing. However, she refrained from making any explicit credibility determinations. Thus, we will accept the new trial judge's findings and conclusions, and we will review the record to determine if they are supported by the evidence. Point of error ten is overruled.

## USE OF RESTRAINTS

In point of error nineteen, appellant contends that the trial court violated his constitutional rights by forcing him to appear at trial in visible shackles. In a pretrial motion, appellant sought to preclude being shackled in public, and at the beginning of voir dire, defense counsel pointed out, "Your Honor, my client has ankle bracelets on." Counsel asked the trial court, "Would the court consider suspending that?" The trial court responded, "No sir."[6]

The harm a defendant suffers when the jury sees him in handcuffs or shackles is that his constitutional presumption of innocence is infringed. *Long v. State*, 823 S.W.2d 259, 282 (Tex.

---

[5] We note that the original trial judge made implicit credibility determinations by denying appellant's motion to suppress his statement.

[6] The state argues that this issue is not properly preserved because this exchange between defense counsel and the trial court was not a proper objection. While this is not the form of a proper objection, this exchange did put the trial court on notice that appellant opposed being placed in leg restraints in front of the jury.